■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALPHONSO GUARINO, Appellant.—Appeal by defendant from a judgment of the County Court, Rockland County, rendered December 3, 1975, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, after a nonjury trial, and imposing sentence. Judgment modified, on the law and the facts, by reducing the conviction of murder in the second degree to one of manslaughter in the second degree, and by reversing the sentence imposed thereon. As so modified, judgment affirmed and case remanded to the County Court for resentence. Defendant was charged in a four-count indictment with the crimes of murder in the second degree, manslaughter in the first degree, manslaughter in the second degree and criminal possession of a weapon in the second degree. The indictment arose out of the fatal shooting of defendant's wife, Grace Guarino, at approximately 1:30 A.M. on Saturday, January 25, 1975, in the crowded bar of the Boom Boom Room in Nyack, New York. Defendant was present in the bar and was arrested for the shooting shortly thereafter. After a nonjury trial he was convicted of the crimes of murder in the second degree and criminal possession of a weapon in the second degree. The thrust of the People's case rested on (1) defendant's confession to a police officer, shortly after the shooting, wherein he stated "I shot my wife and I killed my wife" and (2) the testimony of several witnesses who were present in the bar that night and who, cumulatively, testified that they heard several shots, saw a gun in defendant's hand and saw the deceased fall to the floor. However, it must be noted that the language of the confession does not, by itself, prove the element of intent beyond a reasonable doubt, which element is a prerequisite to a conviction for murder in the second degree (see Penal Law, § 125.25, subd 1). Moreover, the testimony of the witnesses was at times unclear, a fact which was understandable in view of the crowding and lighting conditions in the bar. Specifically, none of the witnesses actually saw defendant shoot the deceased. The People's proof also included testimony that defendant first came into the bar at approximately 11:00 P.M. on

the evening of January 24, 1975. Although defendant asked his wife to leave the bar and return home to care for her sick child, she refused to do so. The whole thrust of the defense was that the shooting was a tragic accident. Defendant testified that he had bought the gun two years earlier because he worked in a dangerous area. He stated that he had never fired the gun and never had any intention to kill his wife. Although right-handed, defendant testified that he pulled the gun out of his left pocket with his left hand and hoped that his wife would return home with him when she saw the gun. His wife ran toward him, pulled his arm and put her hand on the gun. As he pulled away from her, the gun went off. Specifically, defendant testified: "Well, I had a gun in my left pocket. I just pulled it out. She saw it. She ran towards me and she was pulling and pulling at me and I was trying to pull away from her and the gun just went off. She was struggling with me for about thirty seconds." The remaining portion of defendant's case was devoted to testimony regarding his excellent reputation for honesty and peaceableness and the nature of the marital relationship between defendant and the deceased. With regard to the murder charge, the trial court based its conclusion on the fact that the defendant had a loaded gun "ready to fire and there is complete absence of any credible evidence or supporting testimony indicating any struggle or, indeed, any action on the part of the deceased." This statement by the trial court reflects an erroneous view of the burden of proof applicable in criminal trials (see *People v Miller*, 247 App Div 489). At a criminal trial the burden is on the People to prove every material element of the crime charged beyond a reasonable doubt *(People v Miller, supra)*. It was not incumbent on defendant to produce testimony to support his version of the occurrence. Rather, it was incumbent on the People to establish all of the material elements of the murder charge, including intent, beyond a reasonable doubt. In our view, the evidence adduced at the trial did not, as a matter of law, establish an intentional shooting, and thus the People failed to sustain its burden of proof on the issue of intent beyond a reasonable doubt. The evidence presented was as consistent with a lack of intent as with a presence thereof, i.e., it did not exclude to a moral certainty every reasonable hypothesis of innocence (see *People v Bearden*, 290 NY 478, 480). Consequently, defendant could not be convicted of murder in the second degree. Since the evidence established defendant's guilt of manslaughter in the second degree (which was charged in the indictment), i.e., "recklessly causes the death of another person" (see Penal Law, § 125.15 subd 1), the judgment of conviction has been modified accordingly and the case remanded for resentencing on that charge. Rabin, Acting P. J., Shapiro, Titone and Suozzi, JJ., concur.