■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE LUCCHESE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered January 2, 1986, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his guilt was not established beyond a reasonable doubt because the People did not prove

that he acted "[u]nder circumstances evincing a depraved indifference to human life" or that he acted "recklessly" *(see,* Penal Law § 120.10 [3]).

Depraved indifference to human life refers to the wantonness of a defendant's conduct and the focus is upon an objective assessment of the degree of risk presented by the defendant's reckless conduct *(People v Register,* 60 NY2d 270, 276-277, *cert denied* 466 US 953). Whether the risk created by the defendant's conduct was of the type prohibited by the Penal Law is to be decided by the trier of facts, aided by appropriate instructions *(see, People v Register, supra; People v Licitra,* 47 NY2d 554, 558). The defendant's state of mind is the critical element in determining whether he perceived and disregarded the risk of harm *(see, People v Licitra, supra; People v Leonardo,* 89 AD2d 214, *affd* 60 NY2d 683). However, objective evidence of the surrounding circumstances may be weighed in making the factual determination *(People v Licitra, supra,* at 559; *People v Leonardo, supra,* at 218).

The evidence adduced at trial shows that as a result of a marital dispute, the defendant, who was 5 feet 10 inches tall and who weighed 205 pounds, physically abused his wife for approximately 1½ hours. First, he attempted to smother her with a pillow. Thereafter, he repeatedly attempted to choke her using his hands and a piece of telephone wire and he incessantly beat her with his fists and other objects including a piece of wood, and a rocking chair. The defendant also pulled his wife's hair, pushed her against a wall with such force as to create a dent and repeatedly banged her head against the rails on a stairwell. This onslaught started in the couple's bedroom and continued through various rooms of the house as the defendant's wife attempted to escape. Finally, she managed to get out onto a balcony which overlooked the street, and screamed for help. There, the defendant continued his onslaught because, as he testified at the trial, he "didn't give a care" and for once he wanted to show his wife "who the boss of the house [was], whatever the extent may be". Members of the crowd which had gathered and the police verbally attempted to get the defendant to stop, but to no avail. The police had to break down the entrance door to the house and physically pull the defendant away from his wife. While being placed under arrest, the defendant stated "I'm still gonna kill the bitch."

As a result of this continuous onslaught, the defendant's wife fainted several times and her face became so swollen that she was unrecognizable and her eyes could not be opened for

about 48 hours. The physician who treated her testified that she sustained multiple trauma, excessive soft tissue swelling, abuse syndrome, laceration to the hip and postconcussion syndrome. He opined that the injuries to her neck were consistent with choking and that the injuries to her head, face, back, arms and legs were the result of "a very very severe beating". Although the defendant, who had no visible physical injuries and did not complain of any, interposed a justification defense, we find that the proof established his guilt of depraved indifference assault beyond a reasonable doubt.

The defendant also contends that the court's justification charge was erroneous because it did not include instructions that he had no duty to retreat from his dwelling (see, Penal Law § 35.15; People v McCurdy, 86 AD2d 493). However, defendant failed to object to these instructions at trial and thus has failed to preserve this claim for appellate review (see, CPL 470.05 [2]). Although the record reveals that the trial court inadvertently omitted the relevant statutory language, under the circumstances of this case, this omission does not warrant reversal in the interest of justice. The extreme violence of defendant's actions negates any claim that they were reasonably "necessary to defend himself" (Penal Law § 35.15 [1]; see also, People v Collice, 41 NY2d 906; People v Doctor, 98 AD2d 780). We therefore hold that any error in this respect was harmless (see, People v Crimmins, 36 NY2d 230).

Contrary to the defendant's contention, we also find that the trial court did not abuse its discretion in prohibiting him from introducing evidence of some of his wife's prior alleged violent acts. Although the incidents were not remote in time, the offer of proof, as reflected in the record, fails to establish that they were of such quality as to be relevant to the defense raised by the defendant (see, Matter of Robert S., 52 NY2d 1046, 1048; People v Miller, 39 NY2d 543, 551-552.)

The defendant's contention with respect to the court's interested witness charge has not been preserved for appellate review and is, in any event, without merit.

Finally, the trial court did not abuse its discretion in imposing sentence (see, People v Suitte, 90 AD2d 80). Brown, J. P., Rubin, Kooper and Sullivan, JJ., concur.