■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON J. SAMUEL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Posner, J.), rendered September 23, 1986, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

The defendant's guilt was established by direct as well as circumstantial evidence. The direct evidence included a statement by the defendant to a police officer at the scene in which he essentially admitted that he had hit the complainant, his son, with a crowbar (see, People v Rumble, 45 NY2d 879; People v Browne, 106 AD2d 510). As the prosecution's case did not rest solely on circumstantial evidence, the court did not err in refusing the defendant's request to charge that the circumstantial evidence must be inconsistent with his innocence and must exclude, to a moral certainty, every other reasonable hypothesis but guilt (see, People v Johnson, 65 NY2d 556, 561, rearg denied 66 NY2d 759; People v Ruiz, 52 NY2d 929).

The evidence was sufficient to support submission to the jury of the charge of reckless assault in the first degree. The defendant's testimony tended to show that the defendant was not the initial aggressor but was only attempting to protect himself from his son's attack upon him. However, the evidence also showed that, at some point during the struggle, the defendant followed his son into another room and inflicted serious injury by repeatedly hitting him in the head with a crowbar. The jury could have found that the defendant acted recklessly by hitting his son each time he tried to rise from the floor but did not act with the conscious objective to cause death. Further, the jury could have concluded that the use of such force was no longer necessary for the defendant to defend himself and was, therefore, not justified (see, Penal Law § 120.10 [3]; People v Lucchese, 127 AD2d 699, lv denied 69 NY2d 1006; see also, People v Tai, 39 NY2d 894).

Moreover, the trial court properly instructed the jury, in the alternative, that it could consider the defendant's guilt of reckless assault in the first degree only if it found him not guilty of attempted intentional murder in the second degree and intentional assault in the first degree (see, People v Gallagher, 69 NY2d 525, 528). Mollen, P. J., Kunzeman, Weinstein and Rubin, JJ., concur.