THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MARSH, Appellant.

Viewing the evidence in light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt.

We reject the defendant's contention that the acquittal on the intentional murder charge indicated that the jury did not credit the testimony of the People's witness Simpson. The witness testified that he heard chairs fall down and glassware

break during a loud argument between the defendant and the deceased, his wife, which lasted for about an hour. He further heard the deceased say "John, why you punch me in my face like that" and "John, no, don't", followed by a gunshot. After that, Simpson heard the defendant say "I don't believe I did this", and directed his daughter to call an ambulance. In addition, the defendant testified that he was angry with his wife for being away from home for several days, and demanded that she pack her things and leave the house. Their argument continued through various rooms of their home. When he found that his wife had gone to an upstairs bedroom, he pushed his way in and they shoved a rolling television back and forth at one another until it fell from the stand. The defendant followed her into the dining room, and accused her of having a lesbian relationship. When she responded by throwing a vase at him, he reached for his revolver which was on the dining room table, and shot her as she tried to pull the gun away from him. Under these circumstances, the jury could have concluded that the defendant pulled the trigger, with the gun pointed at the victim's head, without the conscious objective of causing death, but recklessly and under circumstances evincing a depraved indifference to human life (see, People v Register, 60 NY2d 270, cert denied 466 US 953; People v Licitra, 47 NY2d 554, rearg denied 53 NY2d 938; People v Samuel, 138 AD2d 543; People v Lucchese, 127 AD2d 699, lv denied 69 NY2d 1006; People v Guarino, 56 AD2d 638). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Lawrence, J. P., Kunzeman, Eiber and Balletta, JJ., concur.