■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREN VALENTE, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered March 21, 1989, convicting her of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant stabbed her husband during a domestic dispute. She claimed self-defense, and contends that the jury should not have believed her husband because, *inter alia,* his testimony at trial was inconsistent with his Grand Jury testimony, and because he had a prior history of violence, a prior conviction for driving while impaired, and had filed a $1,000,000 counterclaim against her in their pending divorce action. This evidence was revealed during the cross-examination of the husband, and was presented to the jury, which could, and did, address it. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The trial court's intervention in the examination of the

defendant was neither excessive nor partial, but, rather, was a proper exercise of its power to clarify facts and issues and to expedite the progress of the trial *(see, People v Jamison,* 47 NY2d 882, 883-884; *People v Moulton,* 43 NY2d 944; *People v De Jesus,* 42 NY2d 519). Similarly, the trial court's criticisms of the defense counsel at various instances during the course of the trial were not indicative of or reflect any bias against the defendant, but constituted an appropriate reaction to the improper conduct of counsel *(see, People v Gonzalez,* 38 NY2d 208, 210). In general, the conduct of the trial was proper and evenhanded *(see, People v Jamison, supra,* at 883).

The defendant's other contentions are either unpreserved for appellate review or are without merit. Brown, J. P., Rubin, Eiber and Rosenblatt, JJ., concur.