■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON THOMAS, Appellant.—Judgment of the Supreme Court, Bronx County (Ivan Warner, J.), rendered March 27, 1989, convicting defendant of assault in the first degree (Penal Law § 120.10 [3]), and sentencing him to an indeterminate term of imprisonment of from 3 to 9 years, unanimously modified, on the law, to the extent of reducing the conviction to the lesser included offense of assault in the second degree (Penal Law § 120.05 [4]) and remanding the matter to Supreme Court for resentencing (CPL 470.20 [4]).

The evidence at trial supports the jury's determination that defendant recklessly caused serious physical injury by means of a deadly instrument but is insufficient to support a finding that the circumstances evinced a depraved indifference to human life.

After spending the evening drinking with defendant, complainant was suddenly directed to leave when defendant became upset following a conversation with a former girlfriend. An argument ensued in which complainant resisted defendant's attempts to expel him from the apartment. Defendant eventually took a folding knife with a four-inch blade from his back pocket and stabbed complainant, inflicting two superficial cuts to the arm and chest and a life-threatening stab wound to the abdomen. Defendant claimed he was acting defensively.

Defendant was acquitted of attempted murder and intentional assault in the first degree and convicted of reckless assault in the first degree. In the course of instructing the jurors, the court explained that the crime of assault in the second degree requires only that defendant recklessly cause serious physical injury by means of a deadly instrument, while first degree assault requires, in addition, that the cir-

cumstances evince a depraved indifference to human life. At no time, however, did the court explain what is meant by "depraved indifference to human life", even after a request by the jurors for clarification of the difference between the two offenses. The recommended jury instruction requires that, to constitute depraved indifference, the jurors must find that "the circumstances surrounding the defendant's reckless conduct were so brutal, callous, extremely dangerous and inhuman as to demonstrate an attitude of total and utter disregard for the life of the endangered person and, therefore, so blameworthy as to warrant the imposition of the same criminal liability as that which the law imposes upon a person who intentionally causes serious physical injury to another" (2 CJI[NY] PL 120.10 [3], at 141).

From the evidence adduced at trial, the jury could have found that defendant's actions in stabbing Baskett were intentional, but did not, returning a verdict of innocent on the intentional assault charge. The circumstances surrounding the assault—a verbal exchange which escalated into a physical confrontation involving the eventual use of a weapon—certainly amount to reckless conduct *(People v Valente,* 161 AD2d 821) but they are not characteristic of "unmitigated wickedness, extreme inhumanity, or actions exhibiting a high degree of wantonness" *(People v Northrup,* 83 AD2d 737, 738) and are therefore insufficient to sustain a conviction of assault in the first degree. Concur—Murphy, P. J., Carro, Rosenberger, Ross and Rubin, JJ.