■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH ASARO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered December 8, 1989, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the defendant's conviction of murder in the second degree to a conviction of manslaughter in the second degree, and vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing.

The defendant has not preserved for appellate review his contention that the People failed to prove his identity as the perpetrator beyond a reasonable doubt, inasmuch as he did not raise this issue on his motion for a trial order of dismissal *(see,* CPL 470.05 [2]; *People v Rios,* 180 AD2d 696). In any event, viewing the evidence adduced at trial in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt the defendant's identity as the individual who inflicted the fatal wound. Insofar as the defendant attacks the credibility of the identifying witness, we note that the

resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witness *(see, People v Gaimari,* 176 NY 84, 94). We discern no basis in this case for disturbing the jury's determination that the defendant was the person who struck and killed the victim.

However, we agree with the defendant that the evidence in the record is not legally sufficient to demonstrate such aggravating circumstances as to support the defendant's conviction of depraved indifference murder. The evidence adduced by the People demonstrated that during a barroom altercation involving several individuals, the defendant struck the victim once in the head with a baseball bat. The victim subsequently died from the injuries which he sustained as a result of this single blow. In our view, while the defendant's actions clearly establish that he recklessly caused the victim's death and therefore would support a conviction of the lesser included offense of manslaughter in the second degree *(see,* Penal Law § 125.15 [1]), those actions, when considered with the circumstances attendant thereto, were not so wanton as to justify a depraved indifference murder conviction *(see, People v Thacker,* 166 AD2d 102; *see generally, People v Roe,* 74 NY2d 20; *People v Register,* 60 NY2d 270, *cert denied* 466 US 953). Accordingly, we have reduced the conviction from murder in the second degree to manslaughter in the second degree.

The defendant's remaining contention is unpreserved for appellate review *(see,* CPL 470.05 [2]), and we decline to consider it in the exercise of our interest of justice jurisdiction under the circumstances of this case. Bracken, J. P., Sullivan, Lawrence and Ritter, JJ., concur.