(June 18, 1992)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID W. KILBURN, Appellant.—Levine, J. Appeal from a judgment of the County Court of Saratoga County (Williams, J.), rendered June 19, 1989, upon a verdict convicting defendant of the crime of assault in the first degree.

Defendant was indicted for assault in the first degree as the result of an incident in which he allegedly punched the victim in the face, causing her to fall to the floor, and then stomped once on her abdomen. Following a trial, defendant was con-

victed as charged and sentenced as a second violent felony offender to an indeterminate term of imprisonment of 5 to 10 years. This appeal followed.

Defendant's first contention on appeal is that the proof at trial was insufficient as a matter of law to support a finding that he acted recklessly and with a depraved indifference to human life, both necessary elements of the crime charged *(see,* Penal Law § 120.10 [3]). This claim is unavailing. The victim testified at trial that on the evening prior to the incident, defendant, with whom she was living at the time, came home from work with some beer which they both consumed. Thereafter, she and defendant both fell asleep in the living room of their apartment. A few hours later, the victim awoke and asked defendant a question, apparently startling him and causing him to spill a glass of water from the arm of the couch where he was sitting. Defendant then punched the victim in the face with a closed fist, causing her to fall to the floor from the chair where she was seated, raised his foot to approximately waist level and stomped on her abdomen. At the time, defendant was wearing heavy work boots. The victim's surgeon testified that she suffered a break in her pancreas which was consistent with a traumatic injury and with her version of the facts. He also testified that the victim required various surgeries and a two-month hospitalization, without which death would have been likely. Defendant denied any responsibility for the victim's injuries, stating that he awoke to find the victim intoxicated and on the floor holding her abdomen in pain.

From the foregoing evidence of the circumstances surrounding the incident and the nature of the victim's injuries, the jury, as the trier of fact, clearly could conclude that defendant's conduct was so wanton as to have created a grave and unjustifiable risk of death which he perceived and consciously disregarded *(see,* Penal Law § 15.05 [3]; *People v Register,* 60 NY2d 270, 276-277, *cert denied* 466 US 953; *People v Licitra,* 47 NY2d 554, 558-559; *People v Lucchese,* 127 AD2d 699, 700, *lv denied* 69 NY2d 1006; *People v Northrup,* 83 AD2d 737, 738).

Defendant next contends that the trial proof was legally insufficient to support a conviction for first degree assault and that the verdict was against the weight of the evidence. In support of this argument, defendant relies on his own exculpatory version of the facts and other trial testimony indicating that the victim did not initially identify him as her assailant, that the first physician to examine the victim saw no bruises

on her face or abdomen, that the victim had been observed falling due to intoxication on other occasions and that the victim had reason to be untruthful regarding the cause of her injuries because her use of alcohol constituted a violation of her probation. This proof, however, merely presented questions of credibility which the jury resolved in the People's favor (see, People v Ford, 174 AD2d 853, 854, lv denied 78 NY2d 955; People v Moore, 155 AD2d 725, 726-727, lv denied 75 NY2d 773). Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620, 621), we find that the verdict was supported by legally sufficient evidence. Furthermore, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]; People v Bleakley, 69 NY2d 490, 495).

Finally, we disagree with defendant that the sentence imposed by County Court is either harsh or excessive.

Mikoll, J. P., Crew III, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed.