■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN JONES, Appellant. [620 NYS2d 487] —Appeal by the defendant from a judgment of the County Court, Westchester County (Scarpino, J.), rendered May 28, 1993, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the course of a fight between the defendant and the victim, the two fell to the ground. The victim fell on top of the defendant and was in a headlock applied by the defendant. After the victim went limp, the defendant pulled free, stood up, kicked the victim in the head, and then jumped on him. The victim suffered a paralyzing spinal injury. The jury convicted the defendant of assault in the first degree on a theory of depraved indifference to human life.

Contrary to the defendant's contention, we find that, when viewed in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(see, People v Williams,* 84 NY2d 925). A person is guilty of assault in the first degree, *inter alia,* when "[u]nder circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes serious physical injury to another person" (Penal Law § 120.10 [3]). Depraved indifference to human life refers to the wantonness of a defendant's conduct and the focus is upon an objective assessment of the degree of risk presented by the defendant's reckless conduct *(see, People v Roe,* 74 NY2d 20, 24; *People v Register,* 60 NY2d 270, 277, *cert denied* 466 US 953; *People v Zebrowski,* 198 AD2d 716, 718-719).

Under the circumstances surrounding this case, the jury

could have rationally found that the supine and helpless condition of the victim, after the defendant had wrenched his neck, elevated the gravity of the risk produced by the defendant's subsequent kick to the victim's head and jumping on the victim's upper back, so as to evince the necessary depravity *(compare, People v Cofield,* 197 AD2d 451; *People v Kilburn,* 184 AD2d 914; *People v Nix,* 173 AD2d 285; *People v Samuel,* 138 AD2d 543; *People v Lucchese,* 127 AD2d 699; *with People v Asaro,* 182 AD2d 823; *People v Thomas,* 178 AD2d 363).

We have considered the defendant's remaining contentions and find them to be without merit. Miller, J. P., Lawrence, Ritter and Santucci, JJ., concur.