[658 NYS2d 579]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER RIOS, Appellant.

First Department, May 1, 1997

## APPEARANCES OF COUNSEL

*Tigran W. Eldred* of counsel *(Daniel L. Greenberg,* attorney), for appellant.

*Leslie Catherine Perrin* of counsel *(Allen H. Saperstein* on the brief; *Robert T. Johnson, District Attorney* of Bronx County, attorney), for respondent.

## OPINION OF THE COURT

RUBIN, J.

The victim of this brutal assault was killed by a single blow to the back of the head, delivered with a baseball bat, which produced a 10-inch-long wound. An autopsy revealed that the victim sustained multiple skull fractures, hemorrhages on the brain and around the right eye, and lacerations and contusions on the brain, which was observed to protrude from the skull and to be very swollen and misshapen. The occipital, temporal, and frontal bones of the right side of the head all sustained fractures. The cause of death, as found by the pathologist, was blunt force trauma to the head consistent with a rear blow from a baseball bat.

Defendant was indicted on two counts of murder in the second degree (alternatively, intentional and depraved mind murder) and manslaughter in the first degree. The jury found defendant guilty of second degree murder on the theory that death resulted "[u]nder circumstances evincing a depraved indifference to human life" (Penal Law § 125.25 [2]) and acquitted him on the alternative count of intentional murder (Penal Law § 125.25 [1]). Prior to the imposition of sentence, defendant moved to set aside the verdict as "against the weight of the evidence", contending that the trial evidence does not "give rise" to the crime of depraved indifference murder but only supports conviction for the crime of manslaughter in the second degree. Supreme Court denied the motion, sentencing defendant to an indeterminate period of imprisonment of from 25 years to life.

On this appeal, as on his motion, defendant contends that the guilty verdict is "against the weight of the evidence". He argues that a single blow to the head with a baseball bat is not legally sufficient to support a conviction for depraved indifference murder because, while concededly reckless (Penal Law § 15.05 [3]), there is no evidence "that it was so wanton and cruel as to constitute a *grave* risk of death". Therefore, he concludes, the evidence is sufficient to sustain only a guilty verdict for manslaughter in the second degree (Penal Law § 125.15 [1]). In addition, defendant argues that imposition of the maximum sentence of 25 years to life is excessive because he has not previously been convicted of any crime.

The essential facts are not contested. At about 11:30 A.M. on June 8, 1993, defendant approached Mr. Luis Rodriguez, who sold ices from a cart on the corner of 167th Street and Findlay Avenue in the Bronx. While waiting for Mr. Rodriguez to prepare the ice, defendant saw a friend and directed the vendor to split the ice so that his friend could have some. Defendant testified that he became embroiled in an argument with the vendor about the amount of syrup on the ices. Defendant stated that the vendor threatened him with an ice scraper; however, a witness to the incident stated that the vendor held the scraper only when he was making ices. In any event, it is not disputed that defendant left the scene, first going into a nearby bodega, after which he went to his apartment and retrieved a baseball bat. Upon his return a few minutes later, defendant struck Mr. Rodriguez with the bat and rode off on his bicycle. Defendant claims that he swung the bat with both hands only after the victim waved the ice scraper in his face. The witness, however, testified that defendant approached from behind and delivered one blow with the bat, hitting the vendor, who was "fixing things in his ice cart", behind the right ear. The witness stated that the victim was lying on the ground, "shaking and bleeding". A police officer responding to the scene observed the victim on the ground, bleeding from a head wound with nothing in his hands. Mr. Rodriguez died without ever regaining consciousness.

Supreme Court instructed the jury on two counts of murder in the second degree, on the alternative theories of intentional and depraved indifference murder (CPL 300.40 [5]), and on manslaughter in the first degree and, as a lesser included offense, manslaughter in the second degree. The jury acquitted defendant on the count charging him with intentional murder and convicted him on the alternative count of depraved indifference murder.

Following the close of evidence, defense counsel orally moved "for a trial order of dismissal on the grounds that the People have failed to prove the guilt of my client to each and every count beyond a reasonable doubt", which the court denied. Thereafter, in a written application pursuant to CPL 330.30 (1), counsel noted that "the defendant swung a baseball bat only once, making contact with the head of Luis Rodriguez". He concluded that this act is insufficient to support conviction for depraved indifference murder because "there must be acts evincing extreme inhumanity [driving a car on the sidewalk; shooting a fire-arm from an apartment building into a crowd of

people on the sidewalk]." At sentencing, defense counsel argued that the depraved mind murder statute is not designed to cover defendant's conduct in this case. Rather, he asserted, the statute encompasses only acts of repeated violence, such as delivering numerous blows with a baseball bat. Trial counsel therefore urged that the evidence in this case supports conviction only for the crime of reckless manslaughter in the second degree (Penal Law § 125.15 [1]).

On appeal, the People argue that the issue of the legal sufficiency of the evidence sustaining the verdict has not been preserved for appellate review because defendant's motion for a trial order of dismissal failed to specify the error on which it was predicated (*People v Gray*, 86 NY2d 10). Furthermore, as they stated in opposition to defendant's motion under CPL 330.30, Supreme Court has no authority to assess the weight of the evidence (*People v Colon*, 65 NY2d 888, 890; *People v Floyd*, 176 AD2d 554, *lv denied* 79 NY2d 827; *see also, People v Carter*, 63 NY2d 530, 536-537). While defendant's moving papers provide adequate notice of his contention that the evidence is insufficient to sustain his conviction so as to preserve the question for review, it is clear that a posttrial motion pursuant to CPL 330.30 is untimely for this purpose (*People v Gray, supra*, at 20-21; *see also, People v Lawrence*, 85 NY2d 1002, 1005).

The issue is clearly delineated and presents a narrow question of law, subject to review in the interest of justice (CPL 470.15 [3] [c]). Can an attacker who kills his victim with a single blow be found guilty of depraved mind murder? Stated another way, is the crime of depraved mind murder necessarily limited to instances in which death results from a series of blows, none of which is calculated to kill but which are delivered in such a reckless manner as to indicate a depraved indifference to a grave risk of death; or can a single blow, not necessarily calculated to kill, be delivered with such reckless disregard for the probable lethal consequences to fulfill the statutory requirement of depraved indifference to human life? This Court concludes that a single blow can indeed support conviction for second degree murder on this ground.

Penal Law § 125.25 provides: "A person is guilty of murder in the second degree when * * * 2. Under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person". "A person acts recklessly * * * when he is aware of and consciously disregards a substantial and unjustifiable risk" (Penal Law § 15.05 [3]).

Defendant concedes that his conduct was reckless so as to sustain conviction for the lesser offense of manslaughter in the second degree (*see, People v Register*, 60 NY2d 270, 276, *cert denied* 466 US 953; *People v Holloway*, 130 AD2d 933, 934 [single, fatal blow to temple with wooden bed slat]). As to depraved indifference, it is clear the statute contains no requirement that conviction be premised upon multiple acts. In applying it, this Court has sustained a murder conviction on the basis of a single act (*People v Sosa*, 181 AD2d 532, 533 [single stab wound "so deep it was virtually certain to be fatal"], *lv denied* 80 NY2d 838), and so has the Appellate Division, Second Department (*People v Santana*, 163 AD2d 495, 496 [single gunshot wound to head], *affd* 78 NY2d 1027). This Court has also held that a single act may evince a depraved indifference to human life (*People v Cofield*, 197 AD2d 451, 452 ["pushing the victim onto subway tracks during rush hour"], *lv denied* 82 NY2d 892).

Defendant does not distinguish this authority, contending that he "did not engage in conduct that is classically associated with depraved indifference to human life, such as shooting a gun, or driving a car at a high rate of speed, into a crowd of people". He asserts that a baseball bat is "not an inherently lethal weapon, such as a gun" and argues that, while his "conduct was reckless, the prosecution presented no evidence that it was so wanton and cruel as to constitute a *grave* risk of death—the legal requirement for depraved indifference murder" (citing *People v Roe*, 74 NY2d 20, 24).

The requirement of depraved indifference is not "a *mens rea* element" but is included in the statute "to objectively define the circumstances which must exist to elevate a homicide from manslaughter to murder" (*People v Register, supra*, at 278). "Because of an inability to quantify homicidal risks in precise terms, the Legislature structured the degree of risk which must be present in nonintentional killings by providing that in a depraved mind murder the actor's conduct must present a grave risk of death whereas in manslaughter it presents the lesser substantial risk of death" (*People v Register, supra*, at 276). This Court is therefore confronted with the proposition, advanced by defendant, that multiple blows to the head may pose a *grave* risk of death but, as a matter of law, a single blow to the head poses merely a *substantial* risk of death as a result of the injury inflicted upon the victim. Thus, defendant concludes, the evidence is sufficient to support only a conviction for second degree manslaughter.

In support of his position, defendant relies on *People v Asaro* (182 AD2d 823), asserted to involve "circumstances virtually identical to the case at bar". However, while the means used to inflict injury were identical—a single, fatal blow administered with a baseball bat—the injury resulting in death was received during an altercation in a bar in which several persons took part. The facts recited in the memorandum decision by the Appellate Division, Second Department, do not indicate whether the blow might have been defensive. However, defendant's brief asserts that it was struck in the course of "aiding one of the combatants in a barroom fight", suggesting that the nature of the conduct may have been defensive, at least in part.

The facts of this matter are readily distinguishable from those of *Asaro* (*supra*). It is undisputed that defendant withdrew from the alleged confrontation with the ice vendor, went back to his apartment to obtain the murder weapon and returned to inflict the fatal injury. There is no question of mitigating circumstances, such as might have been present in *Asaro*, occasioned by an act committed in the heat of the moment or out of the desire to come to the assistance of a friend by fending off an attack. As the Court noted in *Asaro*, "those actions, when considered with the circumstances attendant thereto, were not so wanton as to justify a depraved indifference murder conviction" (182 AD2d, *supra*, at 824). By comparison, defendant in this case acted after ample time for reflection and after having safely retreated from the scene of the altercation.

Construing, as we must, the trial evidence in a light most favorable to the People (*People v Contes*, 60 NY2d 620, 621), it has been established that defendant caused the death of Mr. Rodriguez by delivering a single offensive blow, from behind the victim and without warning, with sufficient force to cause his death. The jury, which was free to credit and reject such evidence as it saw fit so long as it did not reach any contradictory conclusions (*People v Kennedy*, 47 NY2d 196, 204), apparently accepted defendant's contention that he did not intend to kill the victim but only to "scare" him and to gain his "respect". However, to convict defendant of the crime of second degree murder, the jury also necessarily decided that the blow was struck with sufficient ferocity to indicate a wanton disregard for the grave risk it posed to the victim's life.

The verdict in this case has not been shown to be inconsistent with either the second degree murder statute or with the construction of that statute by the courts. The evidence ad-

duced at trial supports the conclusion that defendant's conduct was so morally deficient " 'as to warrant the same criminal liability as that which the law imposes upon a person who intentionally causes the death of another' " (*People v Fenner*, 61 NY2d 971, 973). Irrespective of the intentional nature of the conduct, "the jury could make a 'qualitative judgment' under the circumstances of this case that the defendant's reckless act 'placed the crime upon the same level as the taking of life by premeditated design' " (*People v Santana*, 163 AD2d, *supra*, at 496, quoting *People v Register*, 60 NY2d, *supra*, at 274). In the exercise of factual review power, this Court is satisfied that the verdict is not contrary to the weight of the evidence (CPL 470.15 [5]). Finally, this Court perceives no abuse of sentencing discretion.

Accordingly, the judgment of the Supreme Court, Bronx County (Eugene Oliver, J.), rendered May 10, 1995, convicting defendant, after jury trial, of murder in the second degree, and sentencing him to an indeterminate term of imprisonment of 25 years to life, should be affirmed.

ELLERIN, J. P., WILLIAMS and TOM, JJ., concur.

Judgment, Supreme Court, Bronx County, rendered May 10, 1995, affirmed.