(October 19, 2000)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONTE MITCHELL, Appellant. [714 NYS2d 163] —Crew III, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered March 27, 1998, upon a verdict convicting defendant of the crime of robbery in the first degree.

Defendant was indicted and charged with robbery in the first degree of a McDonald's restaurant in the City of Troy, Rensselaer County. Following an unsuccessful effort to have the indictment dismissed on CPL 30.30 speedy trial grounds, defendant was convicted, as charged, and sentenced to an indeterminate term of imprisonment of 12½ to 25 years. Defendant now appeals.

The resolution of this appeal turns upon the question of whether County Court was correct in failing to charge the People with the 63 days of postreadiness delay that elapsed between the time defendant made his CPL 210.30 motion to inspect the Grand Jury minutes and County Court's determination in defendant's favor. The People assert, as County Court found, that having objected to defendant's motion they were not obligated to provide County Court with the Grand Jury minutes until ordered to do so and, thus, their delay in providing said minutes was attributable to the court and not them. We disagree.

Mere "opposition" to a motion to inspect pursuant to CPL 210.30 will not toll the time imposed upon the People for speedy trial purposes. As the Court of Appeals has instructed, "[b]ecause CPL 210.30 (3) places the burden on the People to show 'good cause' why the motion should not be granted, if the People opposed the motion *on any grounds*, it was incumbent upon them to establish them or presume that the motion would be granted" (*People v Harris*, 82 NY2d 409, 412 [emphasis supplied]). Here, the only reason proffered by the People to establish "good cause" why the motion to inspect should not be granted was the failure of defendant to submit sworn allegations of fact tending to support his claim of evidentiary insufficiency, which predicate for inspection has been eliminated by legislative amendment (*see, id.*, at 413, citing L 1980, ch 842; Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 210.30, at 640-641). So, while the People opposed defendant's CPL 210.30 motion, it was clear from their affirmation that there was no basis in law or fact for their opposition, and the time chargeable to them for postreadiness delay (225 days) commenced to run from the date of the interposition of defendant's omnibus motion (May 2, 1997), not from the date of County Court's grant of defendant's motion to inspect (July 3, 1997). Such being the case, it is clear that the People's delay exceeds the permissible 185 days (*see*, CPL 30.30 [1] [a]) and defendant's motion must be granted. In view of our determination, it is unnecessary to address defendant's remaining contentions.

Mercure, J. P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, motion granted and indictment dismissed.