■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT M. MILLER, Appellant. [736 NYS2d 773] —Rose, J. Appeal from a judgment of the County Court of Clinton County (Nicandri, J.), rendered September 22, 2000, upon a verdict convicting defendant of the crimes of assault in the first degree, attempted assault in the second degree and criminal contempt in the second degree.

Defendant contends that his assault convictions are not supported by legally sufficient evidence. At trial, however, there was evidence that, on November 6, 1999, during a series of violent physical struggles with Erin La Porte, defendant's then-girlfriend, he grabbed her neck three times, pushed her to the floor twice, held her down each time by sitting on her, and told her he was going to kill her. During the second incident, defendant grabbed La Porte's head by her hair and banged it against the floor five or six times. During the third incident, he squeezed her throat with both his hands until she was unable to breathe, she felt a sudden pain in her head and her vision became fuzzy. She testified that, when defendant released her, her neck was bruised, her throat was sore, her eyes had become red, some of her hair was torn out, and the back of her head was sore. Another witness, April Pizarro, testified that, shortly after the incidents, she observed the dark red impression of a handprint on La Porte's neck and picked handfuls of loose hair from her head.

Alexander Kuehl, an emergency room physician who examined La Porte two days later, testified as to his observations of her injuries, including the bruises on her neck and the contusion on the back of her head. After also describing in general how strangulation, as distinguished from choking, blocks the flow of blood to or from the brain when external pressure closes the carotid artery or jugular vein, Kuehl specifically opined that La Porte had suffered from anoxia—a lack of blood flow to the brain—and that manual strangulation such as that applied by defendant would likely have caused permanent brain damage or death to La Porte if it had continued for another 30 to 60 seconds.

A person is guilty of first degree depraved indifference assault when, "[u]nder circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes serious physical injury to another person" (Penal Law § 120.10 [3]). "Depraved indifference to human life refers to the wantonness of a defendant's conduct and the focus is upon an objective assessment of the degree of risk presented by the

defendant's reckless conduct * * *" (*People v Jones*, 211 AD2d 645, 645, *lv denied* 85 NY2d 863 [citations omitted]). "Serious physical injury" is defined as "physical injury which creates a substantial risk of death" (Penal Law § 10.00 [10]), while "physical injury" means "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]).

Under the circumstances of this case, evidence of the risk of La Porte's death is necessary to establish the elements of both depraved indifference and serious physical injury. Since it is generally known that prolonged constriction of a person's neck will cause death, La Porte's testimony as to defendant's conduct in rendering her helpless and squeezing her throat for a long enough period of time to cause her vision to fade is sufficient to sustain the jury's finding that defendant was aware of and recklessly disregarded the risk of death created by his wanton conduct (*see*, Penal Law § 15.05 [3]). Kuehl's testimony, on the other hand, described the mechanics of La Porte's injury. It established that defendant's conduct actually restricted the flow of blood to La Porte's brain causing anoxia and that the pressure he applied would have quickly caused her death if it had continued. Given this testimony, the jury could have rationally found that defendant's strangulation of La Porte was an impairment of her physical condition which created a substantial risk of death (*see*, Penal Law § 120.10 [3]; *People v Lucchese*, 127 AD2d 699, 700-701, *lv denied* 69 NY2d 1006). Thus, the jury's findings of depraved indifference and serious physical injury are supported by the evidence.

As to the charge of attempted assault in the second degree, we find that La Porte's testimony concerning the second incident, during which defendant hit her head against the floor several times, sufficiently establishes the requisite elements of intent to cause serious physical injury and conduct which tended to effect the commission of that crime (*see*, Penal Law §§ 110.00, 120.05 [1]). Thus, the absence of a serious physical injury resulting from this incident does not preclude the attempted assault conviction (*see, e.g., People v Colantonio*, 277 AD2d 498, 500, *lv denied* 96 NY2d 781).

As to defendant's speedy trial argument, we find that the time chargeable for postreadiness delay in producing the grand jury minutes here should have been measured from when defendant made his motion to inspect the minutes rather than from when County Court decided the motion in his favor (*see, People v Harris*, 82 NY2d 409, 413-414; *People v Mitchell*, 276 AD2d 822, 823, *lv denied* 96 NY2d 803). However, even if the full 48 days between the date defendant made his motion (April

21, 2000) and the date of the minutes' production (June 8, 2000) were added to the undisputed 113 days of prereadiness delay, the total still would not exceed the permissible six-month period (*see,* CPL 30.30 [1] [a]). Since no additional time after the People announced their readiness was shown to have resulted from prosecutorial laxity " 'constitut[ing] a direct impediment to commencement of the trial * * *' " (*People v England,* 84 NY2d 1, 5 [citations omitted]), we conclude that County Court properly denied defendant's speedy trial motion despite its miscalculation of chargeable postreadiness delay.

We have reviewed defendant's other contentions and find them to be unavailing.

Mercure, J.P., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.