■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH H. KITCHINGS, Appellant. [753 NYS2d 237] —Kane, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered August 6, 2001, convicting defendant following a nonjury trial of the crime of attempted assault in the second degree.

Defendant was indicted and charged with assault in the second degree arising out of the alleged "headbutting" of a correction officer at the Chemung County jail, wherein defendant was being held on an unrelated charge. Defendant waived his right to a jury trial and agreed to proceed on stipulated facts. Based thereon, County Court convicted defendant of the crime of attempted assault in the second degree and thereafter sentenced him to an indeterminate prison term of 1¹/₂ to 3 years.

Defendant appeals on the ground that the evidence is legally

insufficient to support a conviction for assault in the second degree because the victim had not suffered a physical injury and County Court improperly considered the lesser included offense of attempted assault in the second degree. Defendant is correct that the People would have to prove a physical injury to sustain a conviction for assault in the second degree in violation of Penal Law § 120.05 (7). Here, defendant was convicted of the lesser included offense of attempted assault in the second degree, which does not require proof of physical injury (*see People v Miller*, 290 AD2d 814, 815, *lv denied* 98 NY2d 678; *People v Colantonio*, 277 AD2d 498, 500, *lv denied* 96 NY2d 781).

County Court was justified in considering the lesser included offense (*see* CPL 300.50 [1], [2]; *People v Miller, supra* at 815; *People v Colantonio, supra* at 500). The colloquy between the court and defendant demonstrates that the court clearly advised defendant that if he in fact entered into the stipulation agreement, the court would find him guilty of attempted assault in the second degree. With full knowledge that the court would consider the lesser included offense, defendant entered into the stipulation.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.