■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO SALCEDO, Appellant. [757 NYS2d 284] —Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered February 15, 2000, convicting defendant, after a jury trial, of murder in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the fourth degree, and sentencing him to concurrent terms of 23 years to life, 5 to 15 years, and 1 year, respectively, unanimously affirmed.

The nearly 16-year delay in commencing defendant's prosecution, although lengthy, does not warrant dismissal of the indictment inasmuch as the original charge against defendant was extremely serious, defendant was not incarcerated during most of the period of delay and has made no showing of specific prejudice attributable to the delay, and since the delay resulted from inability to locate defendant despite reasonably diligent efforts (*see People v Suero*, 235 AD2d 357 [1997], *lv denied* 89 NY2d 1101 [1997]), frustrated by defendant's use of a false name, false address and flight to Puerto Rico (*see People v Wing Keung Tsang*, 284 AD2d 218 [2001]; *People v O'Gara*, 239 AD2d 215 [1997], *lv denied* 90 NY2d 861 [1997]).

The verdict was supported by legally sufficient evidence and was not against the weight of the evidence. Although defendant argues that the trial evidence to the effect that he shot the victim in the head at close range did not permit the jury to convict him, as it did, of murder on a depraved indifference theory, the evidence permitted the jury rationally to harbor doubt as to whether defendant's "conscious objective [was] to

cause [the victim's death]" (Penal Law § 15.05 [1]; *People v Sanchez*, 98 NY2d 373, 377-378 [2002]). The evidence did not exclude and, indeed, permitted the hypothesis that the homicide was the consequence of an impulsive shooting, meant perhaps to disable or frighten the victim, rather than to kill him. Although defendant, in the same vein, contends that a homicide resulting from a point-blank shooting such as the one at issue may not be said to have been committed with depraved indifference within the meaning of Penal Law § 125.25 (2) (*see id.* at 394-417 [Rosenblatt, J., dissenting]), the Court of Appeals has held otherwise (*id.* at 378).

We perceive no basis for reduction of defendant's sentence.

We have considered and rejected defendant's remaining arguments. Concur—Tom, J.P., Mazzarelli, Andrias, Rosenberger and Williams, JJ.