■ The People of the State of New York, Respondent, v Jody Parrella, Appellant. The People of the State of New York, Respondent, v Felix Piniero, Appellant. [771 NYS2d 511]—

Judgment, Supreme Court, Bronx County (Alexander Hunter, J.), rendered August 1, 2001, convicting defendant Jody Parrella, after a jury trial, of assault in the first degree, and sentencing him to a term of 15 years, unanimously affirmed. Judgment, same court and Justice, rendered November 29, 2001, convicting defendant Felix Piniero, after a jury trial, of murder in the second degree, and sentencing him to a term of 20 years to life, unanimously affirmed.

The verdicts convicting defendant Parrella of assault and defendant Piniero of murder, each under a depraved indifference theory, were based on legally sufficient evidence and were not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). There is no basis for disturbing the jury's determinations concerning credibility and the resolution of conflicting expert testimony. The evidence warrants the conclusion that each defendant acted with the requisite depraved indifference to human life while recklessly creating a grave risk of death, where, after defendants struck the victim in the head and caused him to fall to the ground, they repeatedly and forcefully kicked him in the side of the head, whereupon Piniero stabbed the victim in the chest (*see People v Sanchez*, 98 NY2d 373 [2002]; *People v Jones*, 211 AD2d 645 [1995], *lv denied* 85 NY2d 863 [1995]).

The challenged portions of the prosecutor's summation, when taken in their proper context, generally constituted fair comment on the evidence made in response to defense attacks on

the credibility of prosecution witnesses, and there was no pattern of egregious remarks warranting reversal (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

The court's instructions on accessorial liability conveyed the appropriate legal standards, including those relating to mental culpability, and the court was not obligated to charge the particular language requested by Parrella (*see People v Fields*, 87 NY2d 821 [1995]; *People v Dory*, 59 NY2d 121, 129 [1983]).

We perceive no basis for reducing either of the sentences. Concur—Tom, J.P., Andrias, Sullivan and Lerner, JJ.