■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW J. MARTIN, Appellant. [780 NYS2d 640]—

Kane, J. Appeal from a judgment of the County Court of Tompkins County (Sherman, J.), rendered June 11, 2001, upon a verdict convicting defendant of the crime of murder in the second degree.

Defendant attended a party with several friends, where they drank beer and smoked marihuana. The victim, who was involved in an altercation with defendant a month earlier, arrived while defendant was temporarily absent. Some of defendant's friends confronted the victim, but the situation was neutralized. After defendant returned to the party and noticed the victim, someone talked to both of them and they apparently resolved their differences, ending with a handshake. Later, when many guests had left the party, a fight broke out between the victim and some of defendant's friends. Although the victim's girlfriend attempted to protect him, the partygoers all entered the bedroom where the fight began. Most of defendant's friends were raining blows upon the victim. Defendant joined in the melee and inflicted several jabs to the victim's left chest area, after which the fight halted and the victim dropped to the floor, bleeding. At that point, defendant and his friends fled. The victim received three stab wounds to the left chest, one of which punctured his heart, resulting in his death.

Police located defendant and conducted a videotaped interview in which defendant confessed to stabbing the victim. He was indicted for two counts of murder in the second degree, gang assault in the first degree and assault in the first degree. On defendant's suppression motion, County Court ruled that the confession was not admissible on the People's case-in-chief because defendant's right to counsel attached prior to his confession, but the statements would be allowed for impeachment purposes if defendant testified. Defendant did not testify at trial, where he was convicted of one count of murder in the second degree. The court sentenced him to 25 years to life in prison.

Defendant argues that the circumstances of the killing demonstrate that it was intentional, not the result of depraved indifference (*see People v Gonzalez*, 1 NY3d 464 [2004]; *People v Hafeez*, 100 NY2d 253, 259 [2003]). We disagree. "A defendant acts intentionally with respect to a result 'when his conscious objective is to cause such result'" (*People v Gonzalez, supra* at 467, quoting Penal Law § 15.05 [1]). "Depraved indifference murder differs from intentional murder in that it results not from a specific, conscious intent to cause death, but from an indifference to or disregard of the risks attending defendant's conduct" (*People v Gonzalez, supra* at 467).

Here, the jury could reasonably have found that defendant did not intend to cause the victim's death, but rather intended to injure him or to use the knife to impress his friends (*see People v Myers*, 1 AD3d 532 [2003]; *People v Salcedo*, 304 AD2d 309, 309-310 [2003], *lv denied* 100 NY2d 598 [2003]). The evidence shows that the attack was unplanned, defendant's friends started a fight with the victim while defendant was in another room and, although defendant had a problem with the victim previously, they had resolved their differences about an hour earlier. In addition, after hearing noise in the back bedroom defendant ran in and joined the fray without knowing exactly what he would encounter, the knife he used was not his own but was a kitchen knife he spontaneously grabbed in the trailer, and he inflicted several stab wounds to the left side of the victim's chest after joining the group brawl (*compare People v Parrella*, 4 AD3d 132 [2004]; *People v Lazaro*, 238 AD2d 145 [1997], *lvs denied* 90 NY2d 858, 860 [1997]). This situation exhibits defendant's depraved indifference to human life through his recklessly engaging in conduct which created a grave risk of death to the victim by three times thrusting the knife into the victim's chest during a fist fight (*see People v Gonzalez, supra* at 468), but does not necessarily demonstrate an intent to kill the victim (*cf. People v Hafeez, supra* [victim who previously had problem with the defendant was lured out of bar where the defendant stabbed him with knife he brought]).

The verdict was not against the weight of the evidence. A kitchen knife was found with the victim's blood, defendant had used a similar knife earlier in the evening and the victim's blood was splattered on defendant's clothing. Furthermore, one friend saw defendant use a knife in the fight, another saw defendant inflict "baby uppercuts" to the victim's left side like he was holding a knife, immediately after defendant's blows the victim began to bleed, and two friends testified that defendant admitted having stabbed the victim three or four times. Under these

circumstances, weighing the conflicting evidence and the relative strength of the inferences drawn therefrom, the record supports the conviction for depraved indifference murder and the jury's determination that this was not an intentional homicide (*see People v Sanchez*, 98 NY2d 373, 377 [2002]; *People v Bleakley*, 69 NY2d 490, 495 [1987]).

County Court properly ruled that defendant's videotaped confession was inadmissible as evidence-in-chief because it was obtained after defendant requested counsel, but that the confession could be used for impeachment if defendant testified. Statements taken in violation of a defendant's *Miranda* rights or the right to counsel may still be used to impeach a defendant who gives testimony inconsistent with those statements, as long as the illegally obtained statements were voluntary (*see People v Maerling*, 64 NY2d 134, 140 [1984]; *People v Greene*, 306 AD2d 639, 641-642 [2003], *lv denied* 100 NY2d 594 [2003]; *People v Cruz*, 258 AD2d 823, 823 [1999], *lv denied* 93 NY2d 1002 [1999]). Here, the interrogation was less than two hours, defendant was given food and several beverages, he was permitted to take cigarette breaks, and no abusive tactics were employed. Mere deception by police, such as exaggerating the extent of incriminating statements by defendant's friends, is permissible and does not render the statement involuntary (*see People v Lussier*, 298 AD2d 763, 764 [2002], *lv denied* 99 NY2d 630 [2003]; *People v Jordan*, 193 AD2d 890, 892 [1993], *lv denied* 82 NY2d 756 [1993]). Our review of the videotape confirms that defendant's confession was voluntary, thus it could be used for impeachment.

County Court properly excluded statements by two of defendant's friends as inadmissible hearsay. Defendant contends that those statements, made during police interrogation, were admissible under the hearsay exception for declarations against penal interest. To establish that exception, the proponent must satisfy the court that the declarant is unavailable to testify, the declarant was aware at the time the statement was made that it was contrary to his or her penal interest, the declarant had competent personal knowledge of the underlying facts, and circumstances other than the statement itself must support its trustworthiness and reliability (*see People v Brensic*, 70 NY2d 9, 15 [1987]; *People v Settles*, 46 NY2d 154, 167 [1978]). The only factor at issue here is whether the two declarants knew that their statements were against their penal interest when they made those statements to investigators. Although portions of these two individuals' interrogations included statements admitting to criminal acts, that alone does not render everything said

during the interrogations admissible as against their penal interest. The specific statements that defendant wished to introduce must have been against the declarants' penal interest, and they must have been aware of the ramifications of such statements. While defendant now argues that statements related to the declarants hitting the victim were against their interest and led to gang assault charges against the declarants, defendant attempted to introduce portions of the statements relating to other matters, such as the declarants' failure to see defendant with a knife, and their own possession of knives earlier in the evening. Each declarant stated that he jettisoned the knife that he had and it was not the knife used to stab the victim. A statement which is largely exculpatory and meant to minimize the declarant's involvement in a crime is not clearly opposed to his or her penal interest and does not qualify for admission (*see People v Raife*, 250 AD2d 864, 865 [1998], *lv denied* 92 NY2d 951 [1998]). The statements here were properly excluded because defendant failed to meet his burden of proving that the declarants knew their statements were against their penal interests.

The bloody knife was properly admitted into evidence. While a weapon having no probative value or serving no legitimate purpose may not be admitted because it is unduly prejudicial and inflammatory (*see People v Bass*, 277 AD2d 488, 491 [2000], *lv denied* 96 NY2d 780 [2001]), the knife admitted into evidence was adequately connected to the victim and defendant. The knife was found in the trailer, the substance on it tested positive for the victim's blood, the medical examiner testified that it was consistent with the victim's fatal wounds, a witness testified that he saw defendant use a steak knife during the fight, witnesses saw him with a similar knife earlier in the evening and two witnesses said defendant later admitted stabbing the victim during the fracas. Although the weapon was not found where the witnesses alleged that defendant admitted disposing of it, such discrepancy affects the weight of the evidence not the knife's admissibility (*see People v Mothon*, 284 AD2d 568, 570 [2001], *lv denied* 96 NY2d 865 [2001]). Pictures of two other knives found on the property should not have been admitted because they were not linked to the murder or defendant, but we find their admission harmless error considering the clear evidence of guilt.

Defendant was not entitled to a mistrial when a witness mentioned that defendant incriminated himself to the police in a video, as counsel did not object or move for a mistrial (*see People v Delosh*, 2 AD3d 1047, 1049 [2003]), nor could County Court be expected to grant a mistrial sua sponte.

Finally, the sentence was not harsh or excessive considering that a young man was killed for no reason, defendant already had a sizeable criminal history at age 19, he was on probation at the time this crime was committed, and his presence at the party violated several of the terms of his probation (*see People v Trimm*, 295 AD2d 640, 642-643 [2002], *lv denied* 98 NY2d 732 [2002]). Defendant also refused to accept responsibility for this crime, going so far as to assert his innocence at sentencing despite his confession to the police. Imposition of the maximum sentence was not an abuse of County Court's discretion.

Mercure, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.