THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALE R. SWARTZ, SR., Appellant.

Third Department, October 8, 1987

APPEARANCES OF COUNSEL

*James A. Baker* for appellant.

*Benjamin J. Bucko, District Attorney (R. James Miller* of counsel), for respondent.

## OPINION OF THE COURT

LEVINE, J.

As a consequence of a police investigation of the fatally severe beating of defendant's two-year-old stepdaughter, defendant was indicted for second degree murder under Penal Law § 125.25 (2), under which a person is guilty of murder for recklessly causing the death of another person "[u]nder circumstances evincing a depraved indifference to human life". As part of his omnibus pretrial motion, defendant moved to dismiss the indictment on the ground that Penal Law § 125.25 (2) was unconstitutionally void for vagueness. After the motion was denied, defendant pleaded guilty to a reduced charge of first degree manslaughter. Defendant now appeals from the resultant conviction and sentence of imprisonment.

As a preliminary matter, we reject the People's contention that defendant's guilty plea to manslaughter constitutes a waiver of his challenge to the validity of the "depraved indifference" murder section of the Penal Law. Defendant preserved his objection by duly and timely raising the issue before the trial court *(cf., People v Oliver,* 63 NY2d 973, 975). His constitutional challenge to the validity of the original accusation in the indictment was a jurisdictional one, going to the question of his "right not to be haled into court at all upon the * * * charge" *(Blackledge v Perry,* 417 US 21, 30). A guilty plea to the crime for which he was indicted would not have precluded his attack on the constitutionality of Penal Law § 125.25 (2) via this appeal *(see, Haynes v United States,* 390 US 85, 87, n 2; *United States v Ury,* 106 F2d 28; *cf., Blackledge v Perry, supra,* at 31). Since the objection goes to the jurisdiction of the court to hold the criminal proceedings against him and was thus nonwaivable, the same result ap-

plies on a plea to a reduced charge *(People v Case,* 42 NY2d 98, 99-100).

■ As to the merits, defendant contends that the phrase "[u]nder circumstances evincing a depraved indifference to human life", which elevates a reckless homicide from manslaughter to murder, is so vague and indefinite as to violate due process. We disagree. The "void for vagueness" doctrine "requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement" *(Kolender v Lawson,* 461 US 352, 357). Of these dual purposes, the more important aspect of the doctrine is not to provide actual notice, but to mandate statutory inclusion of minimal guidelines for law enforcement agencies *(supra,* at 358). The doctrine, however, recognizes that some forms of conduct which a State may validly make subject to penal sanctions cannot, and need not, be defined with precision *(United States v Petrillo,* 332 US 1, 7-8). The doctrine "is not a principle designed to convert into a constitutional dilemma the practical difficulties in drawing criminal statutes both general enough to take into account a variety of human conduct and sufficiently specific to provide a fair warning that certain kinds of conduct are prohibited" *(Colten v Kentucky,* 407 US 104, 110).

Of special significance here, the vagueness doctrine does not adjudge the language of a criminal statute in the abstract, but rather in the "animating context of well-defined usage * * * and State court construction which determines its meaning" *(Beauharnais v Illinois,* 343 US 250, 253). In the case of the phrase under attack in the instant appeal, *People v Register* (60 NY2d 270, 277-279, *cert denied* 466 US 953) teaches that depraved mind murder has been a part of New York's statutory criminal law for over 150 years and that the substance of that offense as now defined in Penal Law § 125.25 (2), insofar as relevant here, is virtually unchanged from its historical antecedents. Its meaning is well settled: " 'conduct, beyond being reckless * * * so wanton, so deficient in a moral sense of concern, so devoid of regard of the life or lives of others, and so blameworthy as to warrant the same criminal liability as that which the law imposes upon a person who intentionally causes the death of another' " *(People v Fenner,* 61 NY2d 971, 973). As thus construed, the definition in Penal Law § 125.25 (2) is a more than sufficiently definite standard in providing "an objective assessment of the degree of risk pre-

sented by defendant's reckless conduct" *(People v Register, supra,* at 277), i.e., extrinsic circumstances showing heightened degree of recklessness, thereby distinguishing it from manslaughter, and thus providing both fair notice and meaningful guidelines for law enforcement officials. "The statute is sufficiently definite and the kind of conduct described is sufficiently laid out to sustain a valid penal sanction" *(People v Poplis,* 30 NY2d 85, 89).

Moreover, even if the settled judicial interpretation of the depraved indifference murder provision left areas of uncertainty as to its application, there is no doubt that the conduct defendant was accused of committing falls well within its known boundaries, it being essentially the same as that for which a conviction under Penal Law § 125.25 (2) was upheld in *People v Poplis (supra).* Therefore, defendant lacks standing to challenge the vagueness of the statute as it "might be hypothetically applied to the conduct of others" *(Parker v Levy,* 417 US 733, 756).

MAIN, J. P., CASEY, WEISS and YESAWICH, JR., JJ., concur.

Judgment affirmed.