THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ENDENI MONTES, Appellant. [639 NYS2d 610] 

 Memorandum: In the early morning hours of February 22, 1992, defendant Danny Montes was ejected from Costa's Inn, a bar in the City of Rochester. A bar patron, Jose Jimenez, interjected himself into the situation by repeatedly asking the bartender whether he required assistance. Ultimately, Danny's brother, defendant Endeni Montes, punched Jimenez. Jimenez responded by pulling a gun from his pocket and firing several shots. Endeni was struck in the shoulder by a bullet. Jimenez then fled, with defendants and their brother-in-law in pursuit. Endeni stopped to retrieve an aluminum baseball bat from his car, and handed it to Danny. When the three caught up to Jimenez, who had by then discarded his weapon, they tripped him, causing him to fall to the ground. While Danny struck Jimenez repeatedly in the head with the baseball bat, the other two kicked him repeatedly. They then walked away, leaving Jimenez lying in the gutter. He died six hours later from massive head injuries.

Defendants were charged with two counts of murder in the

second degree: intentional murder and depraved indifference murder. They were tried separately, and each was acquitted of intentional murder and convicted of depraved indifference murder.

On appeal, Danny argues that the evidence of depravity is insufficient to support the conviction. The argument is not preserved for review because Danny did not articulate that specific ground in his motion to dismiss at the close of the People's proof (*see, People v Santos,* 86 NY2d 869; *People v Gray,* 86 NY2d 10; *People v Lawrence,* 85 NY2d 1002, 1004; *People v Hryckewicz,* 221 AD2d 990). We decline to exercise our power to review the argument as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

Defendants both argue that their convictions are against the weight of the evidence. We disagree. From our review of the record of each trial, we conclude that a finding that defendants did not act with depraved indifference to human life would have been unreasonable (*see, People v Bleakley,* 69 NY2d 490, 495).

We reject the argument of defendants that Penal Law § 125.25 (2) is unconstitutionally vague on its face (*see, People v Cole,* 85 NY2d 990, 992; *People v Gray,* 206 AD2d 883, 884, *lv denied* 84 NY2d 867; *People v Swartz,* 130 AD2d 288, *lv denied* 70 NY2d 960). In any event, the conduct engaged in by defendants, repeatedly kicking the victim and beating him in the head with a baseball bat, falls well within the known boundaries of the statute (*see, People v Swartz, supra,* at 291; *see also, People v Rosario,* 199 AD2d 92, 93, *lv denied* 82 NY2d 930).

We decline to exercise our power to modify Danny's sentence as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [b]). (Appeal from Judgment of Supreme Court, Monroe County, Wesley, J.—Murder, 2nd Degree.) Present—Green, J. P., Lawton, Fallon, Doerr and Balio, JJ.