**Dione HERRING, Petitioner,**

v.

**Christopher ARTUZ, Superintendent Green Haven Correctional Facility, Stormvile, New York, Respondent.**

**No. 96 CIV. 4391(BDP).**

United States District Court, S.D. New York.

Nov. 16, 1998.

Dione Herring, Stormville, NY, Pro Se.

Bridget Rahilly Steller, Asst. Dist. Atty., Dutchess County District Attorneys Office, Poughkeepsie, NY, for Respondent.

## DECISION AND ORDER

BARRINGTON D. PARKER, Jr., District Judge.

Petitioner Dione Herring, proceeding *pro se*, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his conviction following a plea of guilty to Murder in the Second Degree. He is currently serving a term of 18 years to life. The Appellate Division affirmed the conviction on direct appeal. *People v. Herring*, 185 A.D.2d 362, 587 N.Y.S.2d 224 (2d Dep't 1992). The New York Court of Appeals denied Petitioner leave to appeal. *People v. Herring*, 80 N.Y.2d 975, 591 N.Y.S.2d 144, 605 N.E.2d 880 (1992). Herring filed this Petition on May 10, 1996 alleging ten grounds for relief.

The matter was referred to the Honorable Lisa M. Smith, United States Magistrate Judge for a Report and Recommendation. The Magistrate Judge filed a Report dated June 16, 1998 recommending that the Petition be denied in its entirety. Familiarity with that Report is assumed. Herring filed objections to the Report on August 27, 1998, objecting to the Report in its entirety. In addition, Herring requested an evidentiary hearing to further develop the facts surrounding his guilty plea and requested reconsideration of a determination by Judge Smith in December 1996 that resolution of the matters presented by Herring's Petition did not merit the additional discovery he sought.

The crime that was the basis for Herring's conviction occurred on July 13, 1989 following a confrontation between James Lunsford and Gregory Gayle in Beacon, New York. Later that night Petitioner went to his residence in Newburgh and obtained his sawed-off shotgun. He loaded it, returned to Beacon with the gun hidden in a plastic bag, and shot Gayle twice at close range in the abdomen and chest, killing him. The following morning, Herring was arrested, advised of his rights and questioned. He told the police that he been robbed earlier by "Neil" and intended to shoot him, and not Gayle when he returned to Beacon.

During his plea allocution Herring was questioned by the Court with regard to whether he intended to shoot someone with the shotgun. He initially responded that he did intend to do so, but he did not intend for the sawed-off shotgun blast to be fatal. After consultation with his counsel, and further discussions with the Court, he specifically conceded that he intended to kill someone. Following the allocution, his guilty plea was accepted and Herring was sentenced on April 11, 1990. Petitioner's attorney requested that the Court imposed less than the minimum sentence. The district attorney recommended the court imposed a previously agreed-upon sentence of 18 years to life which the court imposed.

Following direct appeal and collateral litigation pursuant to C.P.L. § 440.10(1)(h) and C.P.L.R. § 2221, this habeas corpus petition was filed. Petitioner's objections to the Magistrate's Report advance ten grounds for relief, each of which has been exhausted, falling into three principal categories: ineffectiveness of counsel, an uninformed plea, and excessive punishment. In view of Petitioner's objections, the matter has been reviewed *de novo* by this Court.

Herring's first ground for relief that he was deprived of effective assistance of counsel because his lawyer failed adequately to investigate his case. The second ground is that his counsel failed to advise him of potential defenses. The third is that counsel failed to interview potential witnesses. The fourth and fifth are that counsel failed effectively to examine physical evidence and to explain the nature of the charges. The sixth is that counsel failed to advise him of relevant facts and applicable law, and the seventh is that his counsel misrepresented relevant facts and coerced his guilty plea. The eighth ground is that his guilty plea was constitutionally invalid because he did not have a sufficiently full understanding of the nature of the charges. The ninth claim is that the guilty plea was invalid because it did not represent a voluntary and intelligent choice among the various strategic and tactical options open to him. His tenth and final ground is that his sentence was excessive and violates the Eighth Amendment's prohibition against cruel and unusual punishment.

■ Initially we note that Petitioner's third claim is procedurally barred because it could have been, but was not raised, on direct appeal. The Magistrate Judge concluded, and we on this review also conclude, that even in the absence of this procedural bar the claim has no merit. Furthermore, Herring has not shown cause or prejudice sufficient to relieve him from the effects of this bar.

■ With respect to Herring's other claims of ineffective assistance of counsel, in order to succeed, he must meet the test set forth in *Strickland v. Washington*, 466 U.S. 668, 687–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Hill v. Lockhart*, 474 U.S. 52, 57–59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) applies the two-part test enunciated in *Strickland* to guilty pleas. *Strickland* concluded that the judicial scrutiny of counsel's performance must be highly deferential and that courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052. In determining whether counsel was ineffective, the court's general inquiry is into "the fundamental fairness of the proceeding whose results are being challenged." *Id.* at 696, 104 S.Ct. 2052. As the Magistrate Judge correctly pointed out "the court's central concern is not with grading counsel's performance but with discerning whether despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results." *See United States v. Aguirre*, 912 F.2d 555, 560 (2d Cir.1990). Since there are myriad ways to provide assistance in any given case, *Strickland* cautions that the burden is on the petitioner to "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* 466 U.S. at 689, 104 S.Ct. 2052. In view of these principles, we conclude that Herring did not receive ineffective assistance of counsel.

The evidence that Herring intended to cause the death of his victim was extremely strong. Gayle was shot once in the abdomen and once in the chest at close range with a sawed-off shotgun. This occurred after Herring had the opportunity to return to his home, obtain the gun, secrete it in a plastic bag, and commit the murder. Under these circumstances our review of the record leads to the conclusion that trial counsel was not ineffective in advising Herring with respect to his plea. As previously noted, Herring conceded during his allocution that he intended to kill his victim. In this context Herring's claim that his counsel improperly failed to advise him of potential affirmative defenses, including the defense of lack of the requisite intent has no merit. The record in this case is more than sufficient to demonstrate Herring's intent to kill. Similarly, the extreme emotional disturbance under New York Penal Law § 125.25(1)(a) that Herring wanted his counsel to advance, but was not advanced, is not a basis for habeas relief given the passage of time between the incident that angered Herring and the subsequent shooting and the affirmative steps Herring took to prepare for the shooting. Since it is extremely unlikely that this defense could have succeeded at trial, counsel was clearly not ineffective in failing to press the defense. *See Tineo v. United States,* 977 F.Supp. 245, 259 (S.D.N.Y.1996); *Mitchell v. Scully,* 746 F.2d 951 (2d Cir.1984).

■ Similarly, there is no basis for Herring's claim that counsel was ineffective for allegedly failing to explain the nature of the charges. The record indicates that Herring was indeed advised of the nature of the charges against him. Moreover, he received an advantageous plea that resulted in a sentence of seven years less than the minimum sentence he could have received had he been convicted for second degree murder after trial. The record reflects that Herring was fully aware of the elements of the charge to which he plead as well as the other rights he waived as consequences of his plea. In addition, the Magistrate Judge concluded, and we agree, that the record fails to support his claim concerning the involuntariness of his guilty plea. Although Herring was young, he was not a minor and he has not demonstrated that counsel ineffectively handled any communication problem, inexperience, or similar difficulty his client might have experienced. Furthermore, the record does not support Petitioner's claim that his plea was based on any misrepresentation or coercion by counsel. To the contrary, the record reflects that he was afforded ample opportunity to discuss his plea with counsel and the court. He never sought additional time to reconsider his plea during or after a lengthy allocution, nor did he seek to withdraw his plea at any relevant time.

As previously noted, Herring received substantial benefits as a consequence of his plea. For example, the plea was in full satisfaction of an indictment charging multiple counts and he received substantial consideration at sentencing. In view of his fully incriminating statements at his allocution, which followed notification of his rights, the Magistrate Judge correctly concluded, and we agree, that this plea "represents a voluntary and intelligent choice among the alternative courses of action open to the petitioner." *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

■ Petitioner's final substantive ground for relief is that his sentence constitutes cruel and unusual punishment. It is clear that a sentence within the statutory range provided by state law precludes a claim, under the circumstances presented here, of a violation of the Eighth Amendment. *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).

Finally we note that, in review of the comprehensive state court record in these proceedings, no further evidentiary hearing or discovery was required, especially since Herring made no showing as to what additional facts to establish ineffectiveness under *Strickland* were likely to be adduced. Consequently, the Report and Recommendation of the Magistrate is accepted. The objections to that Report, following a *de novo* review of the record are rejected.

Herring has not made a substantial showing of the violation of his constitutional rights. Consequently, a Certificate of Appealability will not issue. 28 U.S.C. § 2253,

as amended by the Antiterrorism and Effective Death Penalty Act of 1996. *See generally, Mieles v. United States,* 107 F.3d 1011 (2d Cir.1997). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. The Petition is dismissed. The Clerk of the Court is directed to enter a judgment in favor of the Respondent.

**SO ORDERED.**