**Jose DIAZ Petitioner,**

v.

**Dominic MANTELLO, Respondent.**

**No. 98 CIV. 3521 (DAB).**

United States District Court,
S.D. New York.

Sept. 26, 2000.

**413**

Jose Diaz, Dannemora, NY, pro se.

Raffaelina Gianfrancesco, Assistant District Attorney, Office of the Bronx County District Attorney, Bronx, NY, for Respondent.

### ADOPTION OF REPORT AND RECOMMENDATION

BATTS, District Judge.

On June 21, 2000, Magistrate Judge Theodore H. Katz issued a Report and Recommendation recommending that Petitioner's habeas corpus petition be denied. *See* 28 U.S.C. § 636(b)(1)(C); Local Civil Rule 72.1(d). Both Petitioner and Respondent have filed objections to the Report and Recommendation.

28 U.S.C. § 636(b)(1)(c) requires the Court to make a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(C); see also Local Civil Rule 72.1(d).

Petitioner contests his conviction for depraved indifference murder. The facts in this matter are sufficiently set forth in Judge Katz's Report and Recommendation and will not be reiterated here. Judge

Katz assessed Petitioner's claims that: (1) his plea of guilty was not knowing and voluntary because he received ineffective assistance of counsel and because the trial court failed to conduct a full inquiry with respect to his plea; and (2) he was denied the effective assistance of counsel because counsel failed to inform him of the elements of second degree murder and manslaughter, failed to inform him of the possibility of an affirmative defense, failed to inform him of the evidence against him if he chose to proceed to trial, and failed to inform him of the consequences of a guilty plea. Respondent moved to dismiss the action.

Judge Katz concluded, and this Court concurs, that Petitioner's claims fail on the merits and are procedurally barred.

#### A. Objections

Petitioner objects to Judge Katz's finding that Petitioner failed to exhaust all of his claims.[1] Further, Petitioner objects to Judge Katz's finding that both his claim of trial court failure to fully inquire prior to the plea and his claims of ineffective assistance of counsel are without merit.

Respondent objects to the Report and Recommendation conclusion that Petitioner's claim that the trial court's failure to fully inquire prior to the plea was not exhausted.

#### A. Exhaustion

##### 1. *Guilty Plea*

█ As Judge Katz concluded, the trial court clearly reached the merits of Petitioner's claim that the trial court failed inquire fully prior to his plea, when considering Petitioner's § 440.10 motion. Further, by mentioning the claim only within a laundry list of claims while failing to argue the issue along with the other issues ar-

1. On July 10, 2000, this Court granted Petitioner's request for a 30 day extension for time to file objections to the Report and Recommendation. On August 3, 2000, a second request for an extension was denied. *See*

Order dated Aug. 3, 2000. In the alternative, Petitioner sought to have his "Motion for an Extension of Time/Objection" deemed his objection. This request was granted. *See Id.*

gued on appeal, Petitioner has not exhausted the claim. *See Jordan v. Lefevre*, 206 F.3d 196, 198 (2d Cir.2000) (finding no exhaustion on claims where Petitioner vigorously argued other claims and made only passing reference to disputed claim); *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir.1991) (attaching appellate brief insufficient notice where leave letter argued only one of three claims). Thus, this claim was not exhausted.

■ However, the claim is procedurally forfeited pursuant to CPL § 460.15 (permitting only one application to appeal denial of a CPL § 440.10 motion). Accordingly, the Court adopts Judge Katz's recommendation, finding that the plea allocution claim was not exhausted but is procedurally forfeited.

### B. Merits

Judge Katz also reached the merits of Petitioner's claims.

#### 1. *Guilty Plea*

■ Petitioner argues in his objection that the trial court failed to accept a plea to the proper count of the Indictment. Petitioner is correct that the trial court misspoke when stating that Petitioner was entering a plea to Count One (intentional second degree murder); when, in fact, he entered a plea to Count Two (depraved indifference second degree murder).

However, prior to accepting the plea, the Court and counsel referred directly to the statute to clarify that Petitioner was in fact entering a plea for violation of New York Penal Law 125.25 Subsection 2, depraved indifference. *See* Plea Transcript at 3:17–18. Under the statute, murder committed "under circumstances evincing a depraved indifference to human life" elevates reckless homicide to second-degree murder. *See People v. Swartz*, 130 A.D.2d 288, 520 N.Y.S.2d 224 (3d Dept. 1987). Thus, the trial court's misstatement was harmless and is not grounds for habeas relief.

#### 2. *Ineffective Assistance of Counsel*

For the reasons stated in Judge Katz's Report and Recommendation, and after *de novo* review, the Court finds Plaintiff's ineffective assistance of counsel claims to be without merit.

Accordingly, Petitioner's habeas petition is denied. As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253, as amended by the Antiterrorism and Effective Death Penalty Act of 1996. *See also Rodriquez v. Scully*, 905 F.2d 24 (2d Cir. 1990) (per curiam) (discussing certificate of probable cause under standard prior to amendment of 2253); *Alexander v. Harris*, 595 F.2d 87, 90–91 (2d Cir.1979). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

Accordingly, after conducting an independent *de novo* review of the Report and Recommendation, and reviewing the record herein, it is

ORDERED AND ADJUDGED as follows:

1. The Report and Recommendation of United States Magistrate Judge Katz dated June 21, 2000, is approved, adopted, and ratified by the Court;

2. The petition for a writ of *habeas corpus* is hereby DENIED;

3. The Clerk of the Court is directed to dismiss the petition.

SO ORDERED

## REPORT AND RECOMMENDATION

KATZ, United States Magistrate Judge.

This habeas corpus petition was referred to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Local Civil Rule 72.1(d) of the Southern District of New York. Petitioner, a New York State

prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254, claiming that his conviction resulted from the deprivation of his constitutional rights, insofar as: (1) his plea of guilty was not knowing and voluntary because he received ineffective assistance of counsel and because the trial court failed to conduct a full inquiry with respect to his plea; and (2) he was denied the effective assistance of counsel because counsel failed to inform him of the elements of second degree murder and manslaughter, failed to inform him of the possibility of an affirmative defense, failed to inform him of the evidence against him if he chose to proceed to trial, and failed to inform him of the consequences of a guilty plea. *See* Petition. Respondent has moved to dismiss the action.[1] For the reasons that follow, I respectfully recommend that the action be dismissed with prejudice.

## BACKGROUND

On November 29, 1991, petitioner pled guilty in New York State Supreme Court, Bronx County (Stadtmauer, J.), to depraved indifference murder, in violation of New York Penal Law § 125.25(2). Petitioner acknowledged during his plea allocation, that on August 30, 1990, in the vicinity of 230 East 163rd Street in the Bronx, at eleven o'clock in the morning, petitioner drove to the front of a grocery store and fired numerous shots in the direction of the store and at a Jessie Miller who was standing in the doorway. (Transcript of Guilty Plea ("Pl.") at 4.) Petitioner knew that there were individuals inside the store. (Pl. at 4.) These shots caused the injury of Jessie Miller and the death of

Assistant District Attorney Sean Healy, who was a customer in the store. (Pl. at 4.) Petitioner then drove around the corner where he shot another individual, Tony, and then drove away. (Pl. at 5.) Petitioner was sentenced to an indeterminate prison term of from fifteen years to life.[2]

On December 20, 1991, petitioner filed a notice of appeal, although, he never perfected his appeal. *See* Respondent's Affidavit in Opposition ("Resp.Aff."), at ¶ 6. On June 27, 1996, petitioner moved to vacate his judgment of conviction, pursuant to New York Criminal Procedure Law § 440.10, arguing that: (1) he was denied the effective assistance of counsel because counsel advised him to plead guilty although he lacked the necessary intent for the crime, and because counsel failed to inform him that intent was a required element of the crime; (2) his plea was involuntary because he received ineffective assistance of counsel; and (3) the trial court erred in accepting his plea without further inquiry as to the circumstances surrounding the homicide. *See* Ex. 1 to Resp. Aff. On March 27, 1997, the court denied petitioner's motion, holding that counsel had rendered effective assistance; that petitioner had failed to demonstrate that his plea was not knowing and voluntary; and that the record reflected that petitioner had "properly allocuted" to the crime of depraved indifference murder. *See* Ex. 4 to Resp. Aff. The court also noted that due to the extensive efforts of defense counsel, petitioner had obtained an advantageous plea agreement which resulted in a significantly lower sentence than petitioner would have faced had he proceeded to trial. *See id.* On July 17,

---

1. Respondent had filed an earlier motion to dismiss this action as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). On March 1, 1999, the Court issued a Report and Recommendation, recommending that the respondent's motion be denied. By Order, dated May 3, 1999, the Court (Sprizzo, J.) adopted the Report and Recommendation, and ordered that respondent address petitioner's claims on the merits.

2. The indictment had charged petitioner with two counts of second degree murder; one count of first degree manslaughter; one count of second degree attempted murder; four counts of reckless endangerment in the first degree; and criminal use of a firearm in the first and second degrees. On October 9, 1991, petitioner also pled guilty to second degree assault and attempting to promote prison contraband, which had been charged in other indictments, and which petitioner does not challenge in this petition.

1997, the Appellate Division, First Department, denied petitioner's application for leave to appeal. *See* Ex. 6 to Resp. Aff.

The instant petition followed.

## DISCUSSION

### I. *Exhaustion*

Respondent contends that petitioner did not exhaust his state remedies. *See* Respondent's Memorandum of Law ("Resp.Mem."), at 5.

It is well-settled that all state remedies must be exhausted before a federal court may consider a state prisoner's petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270, 275–76, 92 S.Ct. 509, 512–13, 30 L.Ed.2d 438 (1971); *Jones v. Vacco*, 126 F.3d 408, 413 (2d Cir.1997). "At the core of the exhaustion doctrine ... is the 'respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions.' " *Jones*, 126 F.3d at 413 (quoting *Daye v. Attorney General of New York*, 696 F.2d 186, 191 (2d Cir.1982)(en banc)). Although both federal and state courts are charged with protecting a state criminal defendant's federal constitutional rights, the state courts must first be given an opportunity to consider and correct any violations of federal law. *See Jones*, 126 F.3d at 413 (citing *Daye*, 696 F.2d at 191).

██ To satisfy the exhaustion requirement of 28 U.S.C. § 2254, "it is not sufficient merely that the [petitioner] has been through the state courts." *Picard*, 404 U.S. at 275–76, 92 S.Ct. at 512–13. Rather, the claims must be "fairly presented" to the state courts so that the state has an opportunity to correct any alleged constitutional violations. *See Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989); *Picard*, 404 U.S. at 276, 92 S.Ct. at 513. To satisfy

this requirement, a petitioner must fairly present his federal claims to the highest state court from which a decision can be had, informing the court of the factual and legal bases for the claim asserted. *See Pesina v. Johnson*, 913 F.2d 53, 54 (2d Cir.1990); *Daye*, 696 F.2d at 191.

Respondent contends that petitioner failed to exhaust his claim that the trial court failed to conduct a full inquiry prior to accepting his plea. *See* Resp. Mem., at 7. Petitioner did raise this claim in his § 440.10 motion, and the trial court addressed the claim on the merits, holding that "defendant properly allocuted to [depraved indifference murder in the second degree]—on the record—and there is no basis for review of that allocution or its sufficiency at this time." Ex. 4 to Resp. Aff. Petitioner's application for leave to appeal his § 440.10 motion to the Appellate Division, however, does not mention this claim, referring only to his claims of ineffective assistance of counsel and the absence of a knowing and voluntary plea because of ineffective assistance of counsel. *See* Ex. 5 to Resp. Aff. Petitioner's extensive discussion of two claims in his leave application, without even making a passing reference to his other claims, did not fairly present these other claims to the state courts. *Cf. Jordan v. Lefevre*, 206 F.3d 196, 198 (2d Cir.2000)(claims not exhausted where petitioner's counsel extensively argued one claim in the leave letter, and made no reference to the other claims); *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991)(where the leave letter argued only one of the three claims presented to the Appellate Division, and the only possible indication that the other two claims were being pursued was the attachment to the leave letter of the brief submitted to the Appellate Division, the leave letter did not fairly apprise the court of the other claims, and those claims were not exhausted).[3]

---

3. Although it is clear that this claim was not exhausted, respondent has not provided a clear basis for why it asserts that this claim is procedurally defaulted. *See* Resp. Mem., at 8. Because, under the AEDPA, a court has discretion to deny an unexhausted claim on the merits, *see* 28 U.S.C. § 2254(b), the Court need not resolve the issue of whether petitioner could return to state court to raise his unexhausted claim that his guilty plea was not knowing and voluntary, or whether this claim is instead procedurally forfeited. Instead, we

Moreover, although petitioner did argue that his counsel's assistance was ineffective, both in his § 440.10 motion and in seeking leave to appeal, petitioner only argued that counsel was ineffective for failing to inform him that the element of intent was required for him to be guilty of the crime to which he pled guilty. He did not raise the additional arguments brought in this action, that counsel was ineffective for failing to inform him of the differences between murder and manslaughter, for failing to inform him of the legal consequences of a guilty plea, for failing to inform him that depraved indifference was an element of the crime to which he was pleading guilty, and for failing to inform him of possible affirmative defenses. Thus, petitioner failed to exhaust all of his claims other than that his plea was involuntary because of ineffective assistance of counsel and that counsel was ineffective for failing to advise him that intent was a requisite element of the crime to which he pled. *Cf. Rodriguez v. Hoke*, 928 F.2d 534, 538 (2d Cir.1991)(state court review of some ineffective assistance of counsel claims, but not others based on different allegations, was not sufficient to exhaust the other ineffective assistance of counsel claims); *Harmon v. People*, No. 97–CV–2539, 1999 WL 458171, at *1 (E.D.N.Y. June 25, 1999)(same); *Tineo v. United States*, 977 F.Supp. 245, 257 (S.D.N.Y. 1996)(same).

Petitioner is barred from filing another motion pursuant to Criminal Procedure Law § 440.10 to raise these additional claims of ineffective assistance of counsel. Under New York law, petitioner may not bring a second § 440.10 motion to raise these additional ineffective assistance of counsel claims because he has already filed one § 440.10 motion alleging ineffective as-

sistance of counsel, and these additional claims could have been raised in the first motion and were not. *See* New York Crim. Proc. Law § 440.10(3)(c); *see also People v. Dominguez*, 257 A.D.2d 511, 685 N.Y.S.2d 14, 15 (1st Dept.1999).

■ Because procedural bar is an independent and adequate basis in state law for denying a claim, *see Harris v. Reed*, 489 U.S. 255, 261–262, 109 S.Ct. 1038, 1042–1043, 103 L.Ed.2d 308 (1989); *Reyes v. Keane*, 118 F.3d 136, 140 (2d Cir.1997), a petitioner may not obtain habeas review of a procedurally barred claim unless he can demonstrate both cause for the procedural default and actual prejudice, or that a fundamental miscarriage of justice would result if the court does not consider his claim. *See Strogov v. Attorney General*, 191 F.3d 188, 193 (2d Cir.1999); *Restrepo v. Kelly*, 178 F.3d 634, 637 (2d Cir.1999); *Glenn v. Bartlett*, 98 F.3d 721, 724 (2d Cir.1996), *cert. denied*, 520 U.S. 1108, 117 S.Ct. 1116, 137 L.Ed.2d 317 (1997). A fundamental miscarriage of justice has been construed to mean that in an extraordinary case, "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 492, 106 S.Ct. 2639, 2647, 91 L.Ed.2d 397 (1986); *Lebron v. Mann*, 40 F.3d 561, 564 (2d Cir.1994).

Petitioner cannot demonstrate that he was actually innocent of depraved indifference murder in light of the fact that he pled guilty to the crime, and that he admitted during the plea allocution to the facts underlying the criminal charge. Moreover, petitioner has not alleged or demonstrated either cause or prejudice relating to the procedural default.

---

proceed to consider this claim on the merits, in order to dismiss the action. *See Heron v. People of the State of New York*, No. 98 Civ. 7941(SAS), 1999 WL 1125059, at *4 (S.D.N.Y. Dec.8, 1999)(denying claims of ineffective assistance of counsel and court's failure to permit petitioner to withdraw guilty plea on the merits, despite the fact that claims were not exhausted); *Glover v. Portuondo*, No. 96 Civ.

7616(JGK), 1999 WL 349936, at *6 (S.D.N.Y. May 28, 1999)(denying insufficiency of the evidence claim on the merits after finding it procedurally defaulted for failure to exhaust); *Geraci v. Senkowski*, 23 F.Supp.2d 246, 254 (E.D.N.Y.1998) (denying ineffective assistance of counsel claim on the merits without resolving question of whether petitioner exhausted his claim).

Accordingly, I respectfully recommend that petitioner's additional claims of ineffective assistance of counsel be dismissed as procedurally barred.

\* \* \* \* \* \*

The Court now turns to the merits of petitioner's claims, regardless of whether they are unexhausted or procedurally forfeited.

## II. Guilty Plea

Petitioner argues that his guilty plea was not knowing and voluntary because the trial court did not conduct a sufficient inquiry. *See* Petition.

■ It is well-settled that the Due Process Clause of the Constitution requires an affirmative showing that an accused's plea is entered knowingly and voluntarily before the trial court may accept the plea. *See Godinez v. Moran,* 509 U.S. 389, 400, 113 S.Ct. 2680, 2687, 125 L.Ed.2d 321 (1993); *Parke v. Raley,* 506 U.S. 20, 28, 113 S.Ct. 517, 523, 121 L.Ed.2d 391 (1992), *reh'g denied,* 506 U.S. 1087, 113 S.Ct. 1068, 122 L.Ed.2d 372 (1993); *Salas v. United States,* 139 F.3d 322, 324 (2d Cir.1998), *cert. denied,* 524 U.S. 956, 118 S.Ct. 2377, 141 L.Ed.2d 744 (1998). In order to ensure that a defendant's guilty plea represents "a voluntary and intelligent choice among the alternative courses of action open to the defendant," the trial court judge must make a searching inquiry into the circumstances surrounding the plea. *See Parke,* 506 U.S. at 28, 113 S.Ct. at 523 (internal quotations omitted).

■ Once a plea has been entered, there are strict limits on the circumstances under which a guilty plea may be attacked on collateral review. A guilty plea is subject to collateral attack only if it was not made knowingly and voluntarily. *See Salas,* 139 F.3d at 324; *Tejeda v. United States,* No. 99 Civ. 2948(DLC), 1999 WL 893275, at *4 (S.D.N.Y. Oct.18, 1999); *Ramirez v. Headley,* No. 98 Civ. 2603(RWS), 1998 WL 788782, at *5 (S.D.N.Y. Nov.10, 1998); *Tineo v. United States,* 977 F.Supp. 245, 255 (S.D.N.Y.1996). A plea is made knowingly when the petitioner was advised by competent counsel, was made aware of the nature of the charge against him, and there was nothing to indicate that he was incompetent or otherwise not in control of his mental faculties. *See Tejeda,* 1999 WL 893275, at *4; *Tang v. People,* No. 96 Civ. 5763, 1997 WL 1068683, at *4 (E.D.N.Y. Mar.25, 1997).

In the present case, prior to accepting petitioner's plea, the prosecutor placed on the record the fact that on August 30, 1990, at approximately 11:00 a.m., in the vicinity of 230 East 163rd Street in the Bronx, petitioner drove to the front of Mart Food Center and fired numerous shots in the direction of the store and at Jessie Miller who was standing in the doorway. (Pl. at 4.) Petitioner fired these shots, knowing that there were individuals inside the store. (Pl. at 4.) Petitioner's actions caused the injury of Mr. Miller and the death of Assistant District Attorney Sean Healy, a customer in the store. (Pl. at 4.) After petitioner shot at and into the store, he drove around the corner, where he fired several shots at an individual known as Tony, who was also injured. (Pl. at 4–5.)

The trial court then asked petitioner whether the person standing next to him was his attorney, and petitioner replied, "yes." (Pl. at 5.) Petitioner affirmed that he had heard his attorney state that he wished to plead guilty, that he had discussed the matter with his attorney, and that he wished to plead guilty on his own request. (Pl. at 5–6.) He also indicated that no one had threatened or forced him to plead guilty, and that, other than the promises in the plea agreement, no promises had been made to induce him to plead guilty. (Pl. at 5–6.) Petitioner acknowledged that he understood that by pleading guilty he was waiving his right to a trial and that a guilty plea would have the same effect as a conviction after trial. (Pl. at 7.)

Petitioner pled guilty to depraved indifference murder under New York Penal Law § 125.25(2), which states that "[a] person is guilty of murder in the second

degree when ... under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person." New York Penal Law § 125.25(2). The court then questioned petitioner regarding the facts supporting this charge. Petitioner admitted that on August 30, 1990, he was in a car in the vicinity of 230 East 163rd Street in the Bronx, and that he was looking to shoot "Tony," when he saw another individual in the doorway of a grocery store, and he fired eight to nine shots at that individual and into the store. (Pl. at 8.) Although he then stated that he "didn't know there [were] people in the store," after the prosecutor asked for clarification as to petitioner's statement, the trial court ordered the court reporter to read back the statement, at which time petitioner indicated that he had said, "I *did* know there [were] people in the store." (Pl. at 8–9.)(emphasis added).

Following this colloquy, the trial court properly accepted petitioner's guilty plea. *Cf. United States v. Barrett,* 178 F.3d 643, 647 (2d Cir.1999)(guilty plea properly accepted where trial court satisfied itself of the factual basis of the plea); *Patch v. United States,* No. 95 Civ. 7799(RO), 1997 WL 202175, at *2 (S.D.N.Y. Apr.24, 1997)(plea properly accepted where there was a factual basis for the plea).

■ Petitioner's claims that his plea was not knowing and voluntary because the trial court failed to further inquire into his plea after he initially stated that he did not know that there were other people in the store. *See* Petition. The record of the plea allocution undermines petitioner's contention. When petitioner stated, "I didn't know there was people in the store," (Pl. at 8.), the prosecutor sought clarification as to what petitioner said. Defense counsel replied that petitioner had stated that he did know that people were in the store. To ensure that the record was clear, the court then asked the court reporter to read the statement

back, and petitioner himself then corrected his earlier statement by saying, "I *did* know there was people in the store." (Pl. at 8–9.)(emphasis added). Thus, the trial court did inquire into petitioner's statement to be assured that petitioner was agreeing that he knew that people were in the store. In any event, petitioner acknowledged that he had fired eight or nine shots at someone standing in the doorway to a grocery store, and into the store. Regardless of his actual knowledge that other people were in the store, petitioner's undisputed actions were recklessly dangerous and presented a high risk of death, thereby satisfying the legal standard for depraved indifference murder. *Cf. People v. Valdez,* 170 A.D.2d 190, 565 N.Y.S.2d 89, 89 (1st Dept.1991)(firing shots into a crowded bar constituted depraved indifference murder); *People v. Rammelkamp,* 167 A.D.2d 560, 562 N.Y.S.2d 231, 231 (2d Dept.1990)(displaying a gun in bar and holding finger on the trigger knowing it was loaded, constituted depraved indifference murder). Moreover, at no point did petitioner deny his guilt and claim innocence; rather, he admitted to the crime, and these " 'solemn declarations in open court carry a strong presumption of verity.' " *Panuccio v. Kelly,* 927 F.2d 106, 111 (2d Cir.1991)(quoting *Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977)); *accord Santobello v. United States,* No. 97 Civ. 4404(RPP), 1998 WL 113950, at *2 (S.D.N.Y. Mar.13, 1998); *cf. Polanco v. United States,* No. 98 Civ. 592(SS), 1998 WL 512957, at *3 (S.D.N.Y. Aug.17, 1998)(sworn statements at plea allocation are "not to be lightly disregarded in favor of [petitioner's] present self-serving assertions"); *Velez v. People of the State of New York,* 941 F.Supp. 300, 312 (E.D.N.Y.1996)(plea entered knowingly and voluntarily where petitioner "admitted to the crime without qualification").

■ Petitioner also claims that his plea was not knowing and voluntary because the court failed to make an additional inquiry to determine whether he had an

affirmative defense to the crime. *See* Petitioner's Memorandum of Law ("Pet. Mem."), at 17. Although petitioner now contends that he fired his weapon "during the course of a heated argument," *see* Pet. Mem., at 17, this statement is inconsistent with petitioner's sworn statements at the plea allocution. Nothing petitioner said during the plea allocution suggested that he was in an argument at the time of the shooting or gave the trial court any notice of a possible defense.[4] The trial court was not obligated to independently inquire into the possibility of defenses to petitioner's plea and properly satisfied itself of the factual basis of the plea prior to accepting the plea. *Cf. Tate v. Wood*, 963 F.2d 20, 23 (2d Cir.1992)(trial court was not obligated to conduct factual inquiry to determine affirmative defense where petitioner's statement that the stabbing had occurred during a fight was not itself sufficient to give the court notice of a possible claim of self-defense).

Accordingly, I respectfully recommend that petitioner's claim that his plea was not knowing and voluntary because the trial court failed to make a proper and full inquiry during the plea allocution, be dismissed.

### III. Ineffective Assistance of Counsel

In order to prevail on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy a two-part test. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir.1994). First, he must establish that his attorney's performance was so deficient that it "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2064. In applying this first prong of the *Strickland* test, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, un-

der the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065 (citation and internal quotation marks omitted).

To satisfy the second part of the *Strickland* test, a habeas petitioner must demonstrate that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. "Reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome" of the trial. *Id.* In the context of the assistance of counsel with respect to a guilty plea, a petitioner must show that but for counsel's deficient performance, there exists a reasonable probability that he would not have pled guilty. *See United States v. Torres*, 129 F.3d 710, 716 (2d Cir.1997); *James v. Greiner*, No. 97 Civ. 2652(DLC), 1999 WL 619636, at *3 (S.D.N.Y. Aug.16, 1999). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Strickland*, 466 U.S. at 700, 104 S.Ct. at 2071.

Petitioner alleges that defense counsel failed to inform him of the elements of second degree murder and manslaughter; of the possibility of an affirmative defense; of the evidence against petitioner if petitioner chose to proceed to trial; and of the consequences of a guilty plea. *See* Pet. Mem., at 3.

Petitioner cannot satisfy the requirements of *Strickland* with respect to any of his claims of ineffective assistance of counsel. *Cf. Santobello v. United States*, No. 97 Civ. 4404(RPP), 1998 WL 113950, at *2 (S.D.N.Y. Mar.13, 1998)(a petition is subject to summary dismissal where a petitioner presents only conclusory allegations unsupported by specifics).

---

4. In any event, petitioner fails to show how being in an argument could even constitute a

defense to depraved indifference murder. *See supra*, at ——–——.

■ Although petitioner now argues that had he known that depraved indifference to human life was an element of the crime, he would not have pled guilty, the record does not support this contention. The indictment charged that petitioner, "under circumstances evincing a depraved indifference to human life, did recklessly engage in conduct which created a grave risk of death to another person, and thereby caused the death of Sean Healy, by firing multiple shots in the direction of a number of people from an automobile." *See* Ex. 7 to Resp. Aff. This provided petitioner notice that depraved indifference was the required level of intent for the crime. Further, during his plea allocution, petitioner acknowledged that he discussed pleading guilty to second-degree murder with his attorney before entering his plea. Moreover, petitioner made the factual admission during the allocution that he had driven to a grocery store and fired eight or nine shots into a doorway to a grocery store, thereby admitting facts which satisfied the requisite mental state for depraved indifference murder. Therefore, even if counsel did fail to inform petitioner that depraved indifference murder required reckless disregard of an imminently dangerous risk, petitioner suffered no prejudice as a result of counsel's alleged omission. *Cf. Rosenfeld v. United States,* 972 F.Supp. 137, 144 (E.D.N.Y. 1997)(even if counsel failed to inform petitioner of the elements of the crimes, the factual bases for petitioner's guilty pleas ensured that he did not suffer prejudice).

Even assuming, *arguendo,* that petitioner could establish that counsel had failed to inform him of the elements of murder and manslaughter, petitioner has failed to show any prejudice resulting from this alleged omission. Petitioner pled guilty to second degree murder, not to manslaughter, and he admitted a factual basis to sustain a conviction for second degree murder. Accordingly, petitioner has not demonstrated how counsel's purported failure to inform petitioner of the elements of another crime prejudiced him. As the trial court held in ruling on petitioner's § 440.10 motion, "defendant's argument that the elements of intentional murder in the second degree were never explained to him by counsel is irrelevant in view of the fact that petitioner pleaded guilty to depraved indifference murder in the second degree." Ex. 4 to Resp. Aff.

■ Petitioner's claim that counsel was ineffective for failing to inform petitioner of possible affirmative defenses is also meritless. "The likelihood that an affirmative defense will be successful at trial and an assessment of the probable increase or reduction in sentence relative to the plea if the defendant proceeds to trial are clearly relevant to the determination of whether an attorney acted competently in recommending a plea." *Panuccio,* 927 F.2d at 109. The court's assessment of whether a petitioner would have gone to trial but for counsel's errors "will depend largely on whether the affirmative defense likely would have succeeded at trial." *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 371, 88 L.Ed.2d 203 (1985); *see also Panuccio,* 927 F.2d at 109; *Herring v. Artuz,* 28 F.Supp.2d 852, 855 (S.D.N.Y.1998). The Second Circuit has held that "this prong of the inquiry is not satisfied merely by [petitioner's] testimony that he would have gone to trial had he known of the defense, . . . since a defendant's testimony after the fact suffers from obvious credibility problems." *Panuccio,* 927 F.2d at 109 (internal citations omitted); *see also Slevin v. United States,* 71 F.Supp.2d 348, 363 (S.D.N.Y.1999).

■ Petitioner contends that he may have had an affirmative defense based on his present contentions that he did not know anyone was in the store into which he discharged his gun, that he never intended to kill anyone, and that he fired his pistol in the course of a heated argument. *See* Pet. Mem., at 17. As discussed above, petitioner's present contentions are inconsistent with the sworn statements he made at his plea allocution and are of little relevance to any constitutional habeas claim. In any event, lack of intent to kill is not a

defense to depraved indifference murder. Moreover, petitioner has failed to articulate how the discharge of his gun eight or nine times, even in the course of a heated argument, would give rise to an affirmative defense. *See People v. Roe*, 74 N.Y.2d 20, 24, 544 N.Y.S.2d 297, 542 N.E.2d 610 (1989) ("depraved indifference murder ... is a nonintentional homicide ... evidence of the actor's subjective mental state is not pertinent to a determination of ... whether the objective circumstances bearing on the nature of a defendant's reckless condition are such that the condition creates a very substantial risk of death"); *People v. Fink*, 251 A.D.2d 751, 674 N.Y.S.2d 793, 794 (3d Dept.1998)(focus in depraved indifference murder cases is on an objective assessment of the risk presented by defendant's reckless conduct, not on his subjective intent); *People v. Rios*, 230 A.D.2d 87, 658 N.Y.S.2d 579, 581 (1st Dept.1997)(the "requirement of depraved indifference is not a mens rea element but is included in the statute to objectively define the circumstances which must exist to elevate a homicide from manslaughter to murder"); *People v. Call*, 187 A.D.2d 937, 591 N.Y.S.2d 114, 114 (4th Dept.1992)(intent not an issue where defendant was charged with depraved indifference murder). Thus, counsel could not have been ineffective for failing to pursue this purported affirmative defenses. *Cf. Herring*, 28 F.Supp.2d at 855 (counsel not ineffective for failing to raise extreme emotional disturbance defense rather than recommend a guilty plea, when the defense was unlikely to succeed).

■ To the extent that petitioner claims that counsel failed to advise him of the consequences of pleading guilty, petitioner did not suffer any prejudice because, prior to accepting his plea, the trial court advised petitioner of his legal rights and petitioner indicated that he understood the rights he was waiving by pleading guilty. *Cf. Heron v. People of the State of New York*, No. 98 Civ. 7941(SAS), 1999 WL 1125059, at *7 (S.D.N.Y. Dec.8, 1999)(denying claim of ineffective assistance of counsel because "there can be no showing of prejudice [from counsel's alleged failure to advise petitioner of the consequences of his guilty plea] as the trial court also advised him of these rights"); *Gurses v. United States*, No. 96 Civ. 4729(SS), 1996 WL 487954, at *3 (S.D.N.Y. Aug.27, 1996)(any error by counsel in failing to explain the plea agreement and its consequences was cured by the court's plea allocution).

\* \* \* \* \* \*

Finally, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court may only grant habeas relief where the state court's determination was either "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding," or "contrary to, or ... an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). After hearing the § 440.10 motion, the trial court concluded that "due to extensive efforts of his attorney over a lengthy period of time (during which defendant and his attorney did consult with each other), an advantageous plea ... was agreed upon." Ex. 4 to Resp. Aff. The court further found that "[p]erhaps on reflection, defendant may now regret his previous decision to plead guilty, however, he cannot maintain ... that his plea was ... in any manner unknowing or involuntary—or that counsel failed to counsel him or represent him effectively." *Id.* The court also found that petitioner had properly allocuted to the crime of depraved indifference murder. *See id.*

As the discussion above makes clear, there is no basis for this Court to conclude that the state court's decision was either an unreasonable determination or contrary to clearly established federal law. Accordingly, I respectfully recommend that petitioner's claims dismissed.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that the petition for

a writ of habeas corpus be denied, and that the action be dismissed. As the petition presents no question of substance for appellate review, I recommend that a certificate of appealability not be issued. *See Reyes v. Keane*, 90 F.3d 676, 679 (2d Cir. 1996). I further recommend that the Court certify pursuant to 28 U.S.C. § 1915(a), that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this report to file written objections. *See also* Fed.R.Civ.P. 6(a) and (e). Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Deborah A. Batts, United States District Judge, and to the chambers of the undersigned, Room 1660. Any requests for an extension of time for filing objections must be directed to Judge Batts. Failure to file objections will result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL–CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993), *cert. denied*, 513 U.S. 822, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir.), *cert. denied*, 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir.1989).

June 21, 2000.