■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GABRIEL RIDDICK, Appellant. [823 NYS2d 594]—

Mugglin, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered September 5, 2003, upon a verdict convicting defendant of the crime of murder in the second degree.

In the early morning hours of November 7, 2002, defendant and his companion, Shamel Cooper, were involved in an altercation during a pool game in Carnsie's Irish Pub in Broome County. During the altercation, Cooper retrieved an aluminum bat from his automobile, struck at least one bar patron, smashed the front picture window of the bar, and left. Defendant and Cooper then obtained a shotgun from Cooper's residence and returned to the bar where defendant fired a single shotgun blast through the open front door into a crowd of approximately 30 bar patrons, killing a patron seated at the bar. Both Cooper and defendant gave written statements implicating defendant as the individual who discharged the shotgun. Following a jury trial, defendant was convicted of depraved indifference murder in the second degree, the sole count of the indictment. Sentenced to a prison term of 25 years to life, defendant now appeals, contending that the evidence was legally insufficient to support the conviction and that the depraved indifference murder statute is unconstitutionally vague.

For the reasons which follow, we affirm defendant's conviction. Defendant's present argument regarding legal insufficiency of the evidence has not been properly preserved for judicial review because he failed to seek dismissal at the conclusion of the People's case or at the end of the trial by making a detailed, specific motion addressed to the claimed deficiencies in the evidence (*see People v Gray*, 86 NY2d 10, 18-22 [1995]; *People v Smith*, 27 AD3d 894, 896 [2006], *lv denied* 6 NY3d 898 [2006]).

Although defendant moved for a trial order of dismissal, his challenge to the sufficiency of the evidence was based only on the contention that the testimony of Cooper was not believable. This challenge to credibility does not preserve a challenge on appeal to the adequacy of the corroborative evidence to accomplice testimony. In any event, we find this contention to be without merit. When viewed in the light most favorable to the People, the trial testimony of the bar patron, the trial testimony and written statement of Cooper, the written confession of defendant and the physical evidence introduced provided the jury an adequate basis upon which to conclude beyond a reasonable doubt that defendant was, in fact, the individual who discharged the shotgun into the bar, thereby causing death to another (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Haight*, 19 AD3d 714, 715 [2005], *lv denied* 5 NY3d 806 [2005]).

Next, defendant's challenge to the constitutionality of the depraved indifference murder statute (*see* Penal Law § 125.25 [2]) is also unpreserved as defendant failed to raise this issue before County Court (*see People v Swartz*, 130 AD2d 288, 289 [1987], *lv denied* 70 NY2d 960 [1988]; *cf. People v Oliver*, 63 NY2d 973, 974-975 [1984]). Nevertheless, we find no merit to defendant's present claim that the depraved indifference murder statute is unconstitutionally vague because no rational jury could logically distinguish between it and manslaughter in the second degree (*see* Penal Law § 125.15 [1]). As a general rule, a penal statute may be considered unconstitutionally vague if it fails to fairly apprise a person of ordinary intellect of the conduct forbidden by the statute and fails to clearly inform law enforcement officials of the conduct which violates the statute in question (*see People v Stuart*, 100 NY2d 412, 420-421 [2003]). As the Court of Appeals recently explained in *People v Suarez* (6 NY3d 202 [2005]), "[t]he critical statutory language that separates second-degree manslaughter from depraved indifference murder is the defendant's underlying *depraved indifference*" (*id.* at 213-214). A depraved indifference to human life is more heinous and despicable than reckless conduct which creates a risk of death, depraved indifference being an utter disregard for the value of human life and a willingness to engage in conduct without regard for the result. Here, the jury rejected the lesser included charge of manslaughter and concluded that defendant's discharge of a shotgun into a bar he knew was populated by approximately 30 people constituted the type of morally reprehensible conduct without regard to human life which establishes the requisite depravity. Moreover, defendant's conduct has long been considered the quintessential example of depraved indifference murder (*see e.g. People v Jernatowski*, 238 NY 188 [1924]).

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.